## Strock's Estate.   Strock's Appeal.

*Decedents' estates—Advancements—Promissory notes—Will—Evidence.*

Testator directed that notes which he held against his children should be deducted from their shares of his estate.   He gave to his wife the use of a house and lot for life, and one third of his personal estate absolutely; also pecuniary legacies and the residue of the realty and personalty to his children.   Testator had various accounts against his children which he entered in a book designated "a charge book against my children."   The notes were not entered in this book.   One note which he held against a son he destroyed, and then entered the amount of principal and interest due upon it in the "charge book."   The notes constituted the principal part of testator's personal estate, and more than enough to pay the pecu-

niary legacies. If the notes were held to be advancements, there would be no personalty to pass under the residuary clause, and the widow's share in the estate would be very small in comparison with what the children would receive. *Held*, that an intention to convert the notes into advancements was not consistent with a purpose to pass the balance of the personal estate under the residuary clause, and that no inference that testator intended to so convert them could be drawn from the direction to deduct the debts of his children from their shares of his estate.

Argued April 27, 1893. Appeal, No. 222, Jan. T., 1893, by John N. Strock, from decree of O. C. Cumberland Co., sustaining exceptions to auditor's report in estate of Joseph Strock, deceased. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Adjudication of executor's account. Before SADLER, P. J.

The account was referred to John R. Miller, Esq., as auditor.

From the auditor's report it appeared that Joseph Strock died on April 6, 1887, leaving a will by which he directed as follows :

" 2. I give and bequeath unto my dear wife, Eliza, the house and lot of ground situate on the southwest corner of Locust and Frederick streets, in the borough of Mechanicsburg, during her natural life, and the one third of my personal estate absolute.

" 3. I give and bequeath unto Daniel Strock, Elizabeth Mumper, Mary Ann Shearer, Wm. E. Strock, and Joseph H. Strock five hundred dollars each, and the balance of my estate real and personal not otherwise bequeathed, I give unto my seven children, to wit, Daniel Strock, Elizabeth Mumper, Mary Ann Shearer, Wm. E. Strock, Sarah Reeser, Jacob N. Strock and Joseph H. Strock share and share alike, all notes and book accounts, that I hold against my children is to be deducted from their share of my estate, my real estate (except the house and lot of ground bequeathed to my wife) I direct to be sold by my Executors or the survivor of them, and I direct my Executors to sign, seal and execute all such deed or deeds of conveyance as may be necessary for the granting and assuring the same to the purchaser or purchasers thereof in fee simple.

" I direct that at the death of my wife, that my executors shall sell the house and lot bequeathed to her during her lifetime, and divide the proceeds thereof equally among all my children."

Testator left to survive him seven children, four sons and

three daughters.  He kept a book on the back of which was this indorsement: " A charge book against my children."  In it was a record of moneys advanced to or expended on behalf of his children from 1851 to 1872.  The notes were not entered in this book.  Other facts appear by the opinion of the Supreme Court.  The auditor treated the notes of the sons as advancements, and not as debts due by them to the estate, and reported a scheme of distribution in accordance with this construction of the will.

Exceptions to the auditor's report were sustained to the extent of holding that the notes were obligations due the estate and not advancements.

*Errors assigned* were sustaining exceptions, quoting them.

*M. C. Herman* and *William J. Shearer* for appellants, cited: Miller's Estate, 2 Brewster, 355 ; Murray's Est., 2 Pears. 475 ; Earnest v. Earnest, 5 Rawle, 213 ; Hutchinson's Ap., 47 Pa. 84 ; Eckert v. Mace, 3 Pa. 365 ; Porter's Ap., 94 Pa. 332 ; Green v. Howell, 6 W. & S. 203.

*J. M. Weakley, Theo. Cornman* with him, for appellee, cited: Eshelman's Ap., 74 Pa. 42 ; Haverstock v. Sarbach, 1 W. & S. 393 ; Yundt's Ap., 13 Pa. 575 ; Miller's Ap., 40 Pa. 57.

OPINION BY MR. JUSTICE MCCOLLUM, November 13, 1893 :
Joseph Strock, by his will, dated April 26, 1887, and duly proved Nov. 20, 1889, gave to his wife Eliza the use of a house and lot therein described, and one third of his personal estate absolutely.  To five of his children he gave five hundred dollars each, and the balance of his real and personal estate he gave to all of his children in equal shares.  He then directed that the notes and book accounts which he held against his children should be deducted from their shares of his estate.  The notes with the unpaid interest on them amounted, on the 1st of April, 1892, to $5,336.39.  The accounts, without interest, amounted to $5,677.57, and were entered in a book designated by the testator as " a charge book against my children."  The learned auditor regarded the notes and accounts as advancements, and, therefore, no part of the personal estate in which the widow

was entitled by the will to share. The learned judge of the orphans' court approved the auditor's conclusion in respect to the accounts, but held that the sums represented by the notes were debts due from the children to their father, and constituted a portion of his personal estate. A decree in conformity with this view was entered and from it the children appealed. The real question presented by the appeal is whether these sums were converted into advancements by the provision in the will in relation to the deduction from their shares of the notes and book accounts he held against them. If the notes represent advancements, the widow will receive as her share of the personal estate $754.96; if they are evidences of debts due to the testator at the time of his death, she will receive as such share $2,533.76. The nature of the accounts and the manner in which they were kept are consistent with and corroborative of the claim of the children that they were intended by the testator as advancements. They appear to extend over a period of nearly twenty-six years from April 1, 1851, and there is no inclusion in them of any of the notes held by the testator at the time of his death. The only note referred to in the accounts is one against his son William for $400. This note was destroyed by the testator, and he then entered the amount of principal and interest due upon it in the account he kept against William in the " charge book " against his children. This entry shows that when the testator desired to convert his son's debt into an advancement he knew how to do it, and that while he held the notes he did not regard the sums for which they were given as advancements to the makers of them. If the notes are not included in his personal estate the income from one third of it will hardly be sufficient to pay the taxes and make the necessary repairs upon the house and lot, in which he gave his wife a life interest. If, however, they constitute a part of his personal estate she may have from the income of her share of it enough to meet these charges and pay a small portion of the necessary expenses of her maintenance. There is certainly nothing inequitable in the construction of the will which saves to the widow one third of the amount of the notes, because under such construction the children receive, including advancements, more than seven eighths of the testator's property, while she receives less than one eighth of it. Of

course these considerations cannot defeat a clear intention of the testator to cut her off with less than one third of the sum this construction gives her, but they ought not to be entirely ignored in ascertaining what he meant by his direction that the notes should be deducted from the shares of the makers of them. The notes which the testator held against his sons constituted the principal part of his personal estate, and it is manifest from the terms of his will that he regarded two thirds of such estate as more than sufficient to satisfy the legacies he gave to five of his children, because he bequeathed the balance of it to all of his children, share and share alike. But, if the appellants' construction of the will is adopted, there will be no personal estate on which the residuary clause can take effect. An intention to convert the notes into advancements is not, therefore, consistent with a purpose to pass the balance of the personal estate under the residuary clause. We admit that the testator might have so converted them by his will, but, in view of the other provisions of it, an inference that he intended to do so cannot be drawn from the direction to deduct the debts of his sons from their shares of his estate.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellants.