# Chamberlain's Estate.

*Wills—Election by husband against will—Legacy—Husband and wife.*

1. Where an attorney at law named as executor of a will is bequeathed a sum stated "for services heretofore rendered and as compensation for discharging the duties of his trust under this will," and the husband of the testatrix elects to take against the will, and thereafter the real estate of the testatrix is sold for the payment of debts, the husband will be entitled to take the balance of the proceeds after the payment of debts, to hold for his life, and the executor will be postponed until the death of the husband as to the whole legacy, if he offers no proof of services rendered to the testatrix prior to her death.

2. A testator cannot defeat the rights of a surviving husband or wife, or of a creditor by directing in his will that an exorbitant compensation shall be paid to some person for past services, when no indebtedness for those services actually exists.

Argued April 14, 1913. Appeal, No. 2, April T., 1913, by Otto Kohler, from decree of O. C. Crawford Co., Nov. Term, 1910, No. 14, distributing proceeds of sale in Es-

tate of Jennie S. Chamberlain, deceased. Before HEN-
DERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Af-
firmed.

Exceptions to report of W. W. Henderson, Esq.,
auditor. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior
Court.

*Errors assigned* were in dismissing exceptions to the
auditor's report.

*John O. McClintock*, for appellant.—The admission
and declaration of the decedent that she was indebted
to Mr. Kohler, made as it was in writing, under seal,
in the presence of witnesses, and fixing the amount
thereof, is proper evidence to establish such indebted-
ness, and in the absence of any denial thereof, should
be held conclusive: Hodges v. Eastman, 12 Vt. 358;
Lathrop v. White, 2 Kulp, 440; Downing v. Lindsay,
2 Pa. 382; Lincoln v. Wright, 23 Pa. 76.

The claims of creditors and the expenses of admin-
istering a decedent's estate are first payable out of the
proceeds of sale of real estate, and the tenant by the
curtesy must wait until the debts and expenses of settle-
ment of the estate are paid in order to ascertain what
property may be left for his use. If the amount due
Mr. Kohler is in the nature of a legacy it is founded upon
a consideration which is of such a nature as to make it a
fixed liability and preferred debt of the estate: Gassman's
Est., 10 W. N. C. 275; Harper's App., 111 Pa. 243; Hay's
Est., 183 Pa. 296.

Where the husband of the testator declined to accept
the provisions made for him in the will, the intestate
laws supersede the will as to him; as to him there is no
will, and his rights are to be determined as if none
had ever been written: Hoover v. Landis, 76 Pa. 354;
Cunningham's Est., 137 Pa. 621,

*Frank J. Thomas*, of *Thomas & Thomas*, for appellee.—
The appellant was the executor named in the will, and
the bequest, were it not otherwise stipulated, would be
presumed to be a bounty and not compensation for
services: Fox's Est., 235 Pa. 105.

When the appellant accepted the office or appoint-
ment as executor with the knowledge of the provision
fixing his compensation he was bound thereby: Hay's
Est., 183 Pa. 296; Sweatman's Est., 223 Pa. 552; Hoover
v. Landis, 76 Pa. 354; Cunningham's Est., 137 Pa. 621.

OPINION BY PORTER, J., July 16, 1913:

Jennie S. Chamberlain, the decedent, died testate,
leaving to survive her a husband, Julias L. M. Chamber-
lain, the appellee. Her personal property was insufficient
to pay her debts. Her will was duly proved and letters
testamentary issued to Otto Kohler, the executor therein
named. The surviving husband declined to take under
the will and asserted his right as tenant by the curtesy
in the real estate of which she died seized, and by proceed-
ings had in the orphans' court it was adjudged that he
was entitled to such curtesy. Upon proper proceedings
by the executor a part of the real estate was sold for the
payment of debts of the decedent and the amount realized
from said sale was more than sufficient to pay said debts.
The fund for distribution consists of the surplus thus
realized from the sale of real estate, after payment of the
debts. The court below, in making distribution, held that
the surviving husband, who claimed adversely to the will,
was entitled to the income of this fund during his life, the
principal to be properly secured, and to be paid, upon the
death of the husband, in accordance with the provisions
of the will. Otto Kohler appeals from that decree.

The appellant asserts that he was entitled to have at
once paid to him the sum of $1,000, by virtue of the follow-
ing item of the will: "I give and bequeath to Otto Kohler,
hereinafter named as my executor, for services heretofore
rendered and as compensation for discharging the duties

of his trust under this will, the sum of $1,000." The assertion of the appellant is that this bequest was given him "in payment of indebtedness due him from the testatrix at the time of her death and for compensation to him for services to be rendered by him in the discharge of his duty as executor in the settlement of her estate." He offered no evidence whatever as to any services which he had rendered the decedent during her lifetime or tending to establish that she was indebted to him in any sum whatever. He relied solely upon the item of the will above quoted to sustain his claim to have paid to him immediately the sum of $1,000, as against the right of the surviving husband to receive the income of the fund during life.

When the appellee declined to accept under the will the intestate laws superseded the will as to him; as to him there is no will and his rights are to be determined as if none ever had been written. He was entitled to the share of the estate remaining after payment of debts and reasonable expenses of administration, given him by the intestate laws: Murray's Estate, 28 Pa. Superior Ct. 474, and cases there cited. The clause of the will upon which the appellant relies cannot be construed as an admission by the decedent that she was indebted to the appellant in any specific sum, nor that she was legally liable to be called upon to pay him any sum whatever. That clause is evidence rather that she was grateful to him for services which he had voluntarily rendered, for which it had not been in the contemplation of the parties that any obligation to pay should arise. Even if the clause be considered as an acknowledgment that there was some existing indebtedness, it utterly failed to indicate the amount of such indebtedness. Part of the legacy was given in compensation for past services and part as compensation for the discharge of the duty as executor, but how much is to be paid for one thing and how much for the other?

If this were a controversy between parties claiming under the will, the appellant might be entitled to priority

in distribution over general legatees, upon the ground that his legacy was founded upon a consideration, his services as executor: Harper's Appeal, 111 Pa. 243; Hays's Estate, 183 Pa. 296. The appellant contends that when he accepted the office of executor and proceeded to act under this will that a contract relation arose between him and the estate, under which he became entitled to receive $1,000, "for services rendered decedent in her lifetime and as compensation for discharging the duties of executor." This may be true as against parties who claimed as volunteers under the will, but it has no application to this case in which the surviving husband is claiming adversely to the will; such a supposed contract is in its nature testamentary, being founded upon the will. A testator cannot defeat the rights of a surviving husband or wife, or of a creditor, by directing in his will that an exorbitant compensation shall be paid to the executor or that a large sum of money shall be paid to some person for past services, when no indebtedness for those services actually exists. When the appellee declined to take under the will, his rights became paramount to the provisions of the instrument. The appellant could then, as against the appellee, have asserted his right to reasonable compensation for his services as executor, and produced evidence to establish his rights as a creditor of the estate; he might even have shown an indebtedness which it would have required the entire fund to pay. The appellant having declined to furnish any evidence that he was a creditor of the estate, as against the appellee, was not entitled to take any part of the fund as a creditor, and there was certainly no evidence in the case which would have warranted the court below in awarding him almost one-third of the estate for his compensation as executor. Having elected to rely upon the provisions of the will he will have to await the death of the husband before he is entitled to receive payment of his legacy.

The decree of the court below is affirmed.