## Dermond's Estate.

*Wills—Construction—Widow's election against will—Charge against legacy.*

Where a testator directs that the share of one of his daughters in his residuary estate "shall be charged with the indebtedness of her husband to me, which I now fix at $2,000," and the widow of the testator elects to take against the will, she cannot claim that the $2,000 constituted a part of the personal estate of the testator, and that she is entitled to one-third of that amount.

Argued March 17, 1913. Appeal, No. 281, Oct. T., 1912, by Esther C. Dermond, from decree of O. C. Delaware Co., No. 8,631, dismissing exceptions to report of auditor in Estate of Patrick Dermond, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to report of Edmund Jones, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*John W. Best* and *Thomas E. Merchant,* for appellant.

*A. Lewis Smith,* for appellees.

OPINION BY MORRISON, J., December 8, 1913:

Patrick Dermond died leaving a will, dated September 10, 1900. The will directed the payment of the testator's just debts and funeral expenses and gave to each of his three sons $1.00 and released each of them from his indebtedness to the testator, and then gave the residue of his estate in trust to pay the net income thereof to his wife during her life, and provided that upon her death the residuary estate be divided equally among his four daughters, excepting that "my daughter, Eliza Lavinia, shall be charged with the in-

debtedness of her husband to me, which I now fix at
$2,000."

The widow elected to take against the will of her
husband and by so doing she could only claim her
share of the estate to which she would be entitled under
the intestate laws. She of course cannot appeal to the
language of the will to further her claim, as she has
rejected the will in its entirety and chosen to treat her
husband's estate as if he had died intestate.

"As to her there is no will and her rights are to be
determined as if none had ever been written:" Murray's
Est., 28 Pa. Superior Ct. 474; Hoover v. Landis, 76
Pa. 354; Cunningham's Est., 137 Pa. 621.

The contention in this appeal arises under the fourth
paragraph of the will, which reads: "Upon the decease
of my said wife, I give, devise and bequeath the said
residuary estate to my four daughters, Martha, wife of
John Storey; Mary, wife of J. Milton Lutz; Eliza Lavinia,
wife of Henry Kugler; and Hetty, wife of Charles Lutz,
in such proportions that the said shares shall be equal
excepting that my daughter Eliza Lavinia shall be
charged with the indebtedness of her husband to me,
which I now fix at $2,000, to hold to them, my said
daughters and to their respective heirs, executors and
administrators." The contention of appellant is that
the said $2,000, with the interest thereon, constituted
a part of the personal estate of the decedent and that
she was entitled to the one-third of that amount which
was not allowed to her by the learned auditor and the
court below. It is agreed that she was allowed one-
third of the entire estate except the said sum of $2,000
and interest thereon.

It is difficult to see why she should get more. The
executor and trustee was not charged with the said
$2,000, and the widow made no effort to have him
charged or surcharged with said amount. It is quite
apparent that the testator did not consider the said
$2,000 collectible or a part of his estate. It is true

that he directed that it should be charged against the distributive interest of his daughter, Eliza Lavinia. If the debtor, her husband, had been solvent and the testator considered the $2,000 and interest collectible from him, it is inconceivable that he would have directed that the same should be charged to his daughter. It seems clear to us that he considered that the claim against her husband was worthless and he saw fit, as affecting the distribution, to have it charged against the daughter's distributive share probably because he considered that she had had the benefit of the loan or advancement to her husband and perhaps because he would not have made the loan or advancement but for the reason that Henry Kugler was the husband of Eliza Lavinia. It seems to us manifest that the purpose of the charge of the $2,000 against Eliza Lavinia was solely for the ascertainment of the distributive shares of the residue, and not for the increase of the estate.

Counsel for appellant cite and rely upon a single authority, Strock's Estate, 158 Pa. 355. But that case seems to have no application here. The widow in that case was bequeathed by the will of her husband one-third of his personal estate, and she accepted the provisions of the will. The testator devised and bequeathed the residue of his estate to his children, and directed that all notes and book accounts held by him against them should be deducted from their shares of his estate. The learned auditor regarded the notes and accounts as advancements, and, therefore, no part of the personal estate in which the widow was entitled by the will to a share. The learned judge of the orphans' court approved the auditor's conclusion in respect to the accounts, but held that the sums represented by the notes were debts due from the children to their father and constituted a portion of his personal estate. The real question presented by the appeal was whether these sums were converted into advancements by the provision in the will in relation to the deduction from their

shares of the notes and book accounts he held against them. If the notes represented advancements, the widow would receive as her share of the personal estate a much smaller sum than if they were considered evidences of debts due to the testator at the time of his death. The court below and the Supreme Court considered the notes as evidences of debts due to the testator at the time of his death and that the widow was entitled under the will to one-third of these debts. But in that case the widow took under the will and when it was determined that the notes were evidences of valid debts due the testator, by the very terms of the will she was entitled to her one-third thereof.

But what standing has the widow in the present case to appeal to her husband's will for anything? She refused to take under it and as to her he died without a will. Her only concern is to know the amount of the estate and that is shown by the accounts of the executor. This alleged debt was not brought into the accounts in any way, nor was the executor surcharged with it. There may never have been any such valid debt, or if there was, it may have been barred by the statute of limitations or the debtor may have been insolvent. It was not represented by any note or account, and the mere recital of a debt in a will is not evidence of its actual existence as such. But a testamentary direction for the deduction of a debt from a legacy is conclusive on distribution: Eichelberger's Est., 135 Pa. 160.

We do not consider the argument of appellant's learned counsel correct that the debt has been paid. As we understand it the auditor found that it had not been paid. Moreover, it was simply charged against the distributive share of the daughter, Eliza Lavinia. In our opinion the learned auditor and the court below reached a correct conclusion.

The assignments of error are all overruled and the decree is affirmed, and the appeal is dismissed at the cost of appellant.