# Hoover *versus* Landis *et al.*

1. A testator authorized his executor to sell his personal and real estate, and after giving some legacies, directed the residue to be invested, and the interest paid annually to his wife during widowhood; on her death or marriage the principal was to go over. She elected to take against the will. *Held*, that she took one-half of real estate as land during life.

2. By her election, the intestate laws superseded the will as to her, and excluded the power of conversion under the will so far as it affected her estate.

3. The executor under the power could sell the real estate, but the purchaser would take it subject to the widow's statutory dower. Per JUNKIN, P. J.

4. Having declined to accept under the will, as to her there was no will, and she could not claim her share of the proceeds of a sale by the executor, absolutely as personalty. *Id.*

May 14th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1874, No. 100.

This was an amicable action and case stated, in which Phoebe Hoover, widow of Joseph F. Hoover, deceased, was plaintiff, and George Landis, executor, &c., of said deceased, George K. Hoover and others, legatees, David Hoover and others, residuary devisees of testator, and John O. Stouffer, purchaser of his real estate, were defendants.

The facts agreed on were as follows:—

Joseph F. Hoover died on or about the 10th day of May 1872, leaving to survive him a widow, the plaintiff in this case, and no children, but collateral heirs, brothers and sisters, legatees and residuary devisees in this case. By his last will and testament,

[Hoover *v.* Landis.]

dated April 20th 1872, proved May 16th 1872, he disposed of his estate as follows:—

"First I direct all my just debts and funeral expenses to be fully paid, &c. I direct that my executor sell my personal estate as soon after my decease as convenient; and I do hereby authorize and empower my said executor to sell and dispose of my real estate within one year after my decease for the best price that can be got for the same, and by proper deed, &c., to grant, convey and assure the purchaser or purchasers thereof, in fee simple, and when the whole of my residuary estate shall be converted into money and disposed of as follows, to wit: 'I give, devise and bequeath to my wife Phoebe, $250; I give and bequeath to my brother George K. Hoover, $200; I give and bequeath to my two nephews—sons of my brother George K. Hoover—George W. Hoover and Joseph F. Hoover each $200, and as touching all the rest, residue and remainder of my estate, and all the moneys arising therefrom, I direct my executor to put and place the same at interest on good security, which interest I direct to be paid annually to my wife so long as she remains my widow and unmarried, and at her death or marriage, or as soon thereafter as convenient, I direct and devise that my three brothers, George K. Hoover, Daniel Hoover and William Hoover, and my three sisters, Mary Ann, intermarried, &c., Sarah, intermarried, &c., and Matilda, intermarried, &c., share and share alike unto their heirs and assigns for ever.'"

On the 16th day of May 1872, letters testamentary issued to George Landis, the executor named therein. Immediately upon probate of said will the plaintiff claimed and had assigned to her $300 worth of personal estate, and at the same time gave the executor notice that she claimed adversely to the will of her husband (the testator) and elected to take what she was entitled to under the intestate laws of Pennsylvania.

After the plaintiff refused to take under the will of testator, to wit: on the          day of          A. D. 1872, the executor sold his real estate to John O. Stouffer for the sum of $3300. He refuses to pay because he is advised that the executor cannot alone make title. Under the will of testator, plaintiff claims to recover the one-half of this sum to be paid to her absolutely by the executors, on the ground that by the terms of testator's will the real estate was converted into personalty.

This is resisted by the defendants, who claim: First, That the plaintiff has elected to claim adversely to the will of her husband, and the executor cannot alone make title to the purchaser. Second, That having elected to take adversely to her husband's will, plaintiff is entitled to no part of the principal of the purchase-money of the real estate sold, but to the interest of the one-half thereof only.

If the plaintiff is entitled to recover, then judgment to be

[Hoover *v.* Landis.]

entered for the plaintiff, the amount thereof to be liquidated by the parties upon settlement and confirmation of the account of George Landis, executor of Joseph F. Hoover, deceased. If plaintiff is not entitled to recover, then judgment to be entered for the defendants."

The court (Junkin, P. J.) delivered the following opinion, after stating the first provisions of the will:— * * *

"The widow refused to accept the provision made for her by this will, and now takes just what she would have taken, had her husband died intestate. Then she is entitled to the one-half part, including the mansion-house, if capable of such a division, of all her husband's real estate, for life, and one-half his personal estate absolutely: McCall's Appeal, 6 P. F. Smith 363.

"The first question we are asked is, Can the executor, George Landis, make title to the purchaser of the testator's real estate, under the power of sale contained in the will? He can certainly convey the fee simple, but it will be subject to the widow's estate in dower; so that we answer that the executor cannot make an out and out title. It appears that there has been a sale to John Stouffer, for $3300. The only way to make an out and out title is for the widow to release her right of dower, and take a mortgage for a sum to be paid her annually, equal to the interest on half the purchase-money during her life.

"The next question, although of much more consequence to the widow, is quite as simple as the one just answered; and it is this: The testator having directed his real estate to be sold and turned into money with no qualification, except as to time of selling, works a conversion, and the law treats the proceeds as personalty from his death: Bleight *v.* Bank, 10 Barr 131; Anewalt's Appeal, 6 Wright 414; Chew *v.* Nicklin, 9 Id. 84; Brolasky *v.* Galley's Executors, 1 P. F. Smith 509; Horner's Appeal, 6 Id. 405; Evans's Appeal, 13 Id. 183.

"Now, what does the widow take, land or money? We answer, land; she has declined the provision by will, and as to her there is no will. She cannot be permitted to hold by the will to convert the land into money, thus obtaining an absolute estate in the proceeds, and yet nullify the will as to the provision made for her. Her election destroys the will as to her, and she must take just what the law would give her, had her late husband died intestate. There is no will, while she receives her share. She must take it in land, same as if no power to convert existed.

"Therefore, in accordance with the case stated, judgment is hereby entered for defendants."

The plaintiff sued out a writ of error, and assigned for error, that the court entered judgment for the defendants.

*W. H. Miller* (with whom were *Rhoads & Rhoads*), for the

[Hoover *v.* Landis.]

plaintiff in error.—The widow might repudiate the condition that she should not marry again and take the gift absolutely: Hoopes *v.* Dundas, 10 Barr 75. The sale converted the real estate into personalty, and the widow is entitled to her share absolutely upon releasing her dower: Rangler's Appeal, 3 Barr 377; Leiper *v.* Thompson, 10 P. F. Smith 177.

*A. B. Sharpe*, for defendant in error, was stopped by the court.

Judgment was entered in the Supreme Court, May 25th 1874.

PER CURIAM.—This case is so well stated in the opinion of the court below, it is unnecessary to discuss it. The estate of the widow is land, and not money. When she renounced her provision under the will and took under the law, the Intestate Law superseded the will as to her estate, and excluded the power of conversion under the will, so far as it affected her estate under the Intestate Law.

Judgment is therefore affirmed.