## Dulles Estate.

Argued November 21, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Clarence E. Hall,* with him *George H. Class* and *Orr, Hall, Williams & Baxter,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY HIRT, J., January 25, 1945:

Charles W. Dulles died testate April 5, 1939 without issue. His widow, Thelma, elected to take against the will. On the audit of the executor's account one-half of the estate was awarded to her. The fund of $3,827.76 remaining, after the payment of a specific legacy, was awarded to testator's named trustees. The will imposed a trust on the residuary estate and directed the payment of income therefrom to testator's wife for life, coupled with the following provision, which gives rise to the question on this appeal: "Fifth ...... In the event of the death of my said wife prior to January 1, 1944, then in such event to pay the income to her two children, [by a former marriage] Nancy Yerxa and Thomas Edward Yerxa, 3rd, equally until January 1, 1944." The will further provided: "Sixth: Upon the death of my wife, or on January 1, 1944, should my wife die prior to such date, I direct the distribution of the principal of my estate" to two brothers, to a sister and to a former wife of a brother, in stated proportions. The will contemplated quarterly distributions of income until January 1, 1944 and a termination of the trust by

distribution of the entire principal of the estate on that date. The trustees did not distribute the income earned on the residuary estate but retained it and allowed it to cumulate. The account of the trustees before the court for audit and distribution shows $723.60 in the hands of the trustees as the total income earned on the residuary estate prior to January 1, 1944. At the audit this income was claimed by Nancy and Thomas Yerxa in equal shares under the fifth provision of the will, supra, but was awarded with distribution of the principal of the estate to the remaindermen named in the sixth section. The question is whether the election of the widow to take against the will accelerates the rights of her children to the entire income on the residuary estate as though she were dead. Actually the widow was still living on January 1, 1944.

The decree will be reversed. In *Ferguson's Estate,* 138 Pa. 208, 20 A. 945, Mr. Justice MITCHELL stated the cardinal principal thus: "Devises or bequests, subordinate to a life-estate in the widow and contingent upon her death, or payment of which is postponed until then, become presently payable upon her election to take under the intestate laws. As to its effect upon all claims under the will, her election is equivalent to her death. This is the general rule, and if there are any exceptions, they must depend on the expression or unavoidable implication of a contrary intent of the testator." The rule was reiterated in *Vance's Estate,* 141 Pa. 201, 21 A. 643. *Disston's Estate,* 257 Pa. 537, 101 A. 804, applies the same rule.

Under the holding of the above cases a remainder is accelerated by the election of the widow *"unless* the will plainly indicates a contrary intent": *Schmick Estate,* 349 Pa. 65, 36 A. 2d 305; *Vance's Estate,* supra. It is generally known that a wife may take under the intestate laws and this testator was presumed to have that contingency in mind when he made his will. The fact that he might have further conditioned his provi-

sion for his wife's children upon the election of the widow, but did not, has a bearing on his intent. *Mohn's Appeal,* 76 Pa. 92; *Carr's Estate,* 138 Pa. 352, 22 A. 18. His estate was small and the welfare of his wife was his first concern. He gave her $1,000 outright and his trustees were authorized in their discretion to pay her from time to time a total of not more than $5,000 of the principal of the estate for her maintenance. One of the trustees was a residuary legatee and there could be no certainty that he would exercise a disinterested discretion. The provision invited an election to take under the intestate laws. After providing for his wife and subject only to a specific legacy to another, the welfare of the widow's children was testator's next concern. His intention apparently was to make some small provision for them until they were old enough to care for themselves. Neither the widow's election nor the payments of $723.60 to her children will disrupt the scheme of the will. Disregarding contingencies upon the deaths of other beneficiaries, which did not arise for they are all living, the plan of the will is simple. Subject to the provisions above noted the entire residue was bequeathed to two brothers, a sister and the former wife of a brother. They will receive the residue in the proportions directed by the testator with a deduction only of the income earned thereupon up to January 1, 1944. The Sixth clause, upon which their legacies depend refers to distribution of "principal" but makes no reference to income. There is nothing in the will to indicate that testator intended a departure from his scheme of distribution on any contingency. The recent case of *Schmick Estate,* supra, construes a will in a much larger estate but in principle it has much in common with the present case and with the other cases cited above, rules our disposition of this appeal.

The order is reversed at the costs of the estate; distribution of the income earned on the estate to January 1, 1944 is awarded to Nancy and Thomas Edward Yerxa in equal shares.