# Runyan Estate

*Merrill W. Kerlin,* for estate.
*Albert Foster,* guardian ad litem.

SHEELY, P. J., April 6, 1960.—By his will Scott Runyan devised his home property to his wife so long as she remained unmarried after his death. At her death or remarriage he gave and devised the same to his daughter, Mary Virginia Runyan, for life, remainder to her issue, should she die without issue the same to descend in fee to her heirs at law. The widow elected to take against the will. The executor then filed a petition, joined in by the widow and daughter of decedent, praying for authority to sell the real estate above referred to, at private sale, to the widow, Ethel Kendall Runyan, for the purpose of distribution. The guardian ad litem appointed for a minor child of the daughter, Mary Virginia Runyan, now Myers, and the unborn issue of Mary Virginia Myers, opposes the sale on the ground that there is sufficient cash in the estate with which to make distribution without interfering with the life estate and remainder created by decedent. The agreed upon price is admittedly a fair and reasonable price for the property.

Under section 543 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.543, the personal rep-

resentative may sell real estate of decedent, including property specifically devised, at public or private sale, under order of the orphans court, whenever the court shall find such sale to be desirable for the proper administration and distribution of the estate.

The contention of the guardian ad litem is predicated upon the theory that the widow, by her election to take against the will, acquired the right to receive one-half *the value* of decedent's property, real and personal, and that any disappointment of specific legatees and devisees by reason of the one-half reduction of their gifts must be made up out of the residue of the estate. Therefore, if there is sufficient cash in the estate to pay the widow one-half the value of decedent's property, real estate specifically devised should not be sold. It is correct that ordinarily disappointment to specific legatees and devisees by reason of an election to take against the will must be made up from the residuary estate (Edelman's Estate, 336 Pa. 4 (1939)), but it is not correct that the widow is to receive one-half *the value* of decedent's property.

Under section 8(*b*) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.8(*b*): "The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and personal estate if the testator is survived by more than one child . . . and in all other circumstances the surviving spouse shall be entitled to one-half of the real and personal estate."

The definition of the share of the spouse was declared by the commissioners' comment to be in accordance with the language of section 2 of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.2. Section 1 provides that: "The real and personal estate of a decedent not disposed of by will or otherwise, shall descend as hereinafter provided: . . ."

Where a widow elects to take against the will of her

husband her election destroys the will as to her and she must take what the law would give her had her husband died intestate. "There is no will, while she receives her share": Hoover v. Landis, 76 Pa. 354, 356 (1874) ; Kates' Estate, 282 Pa. 417, 421 (1925). If the property is sold the fund is treated as realty in determining her interest in it: Cunningham Estate, 137 Pa. 621, 629 (1890). The widow, subject to the right of the personal representative to sell real estate, becomes a cotenant with the devisee and she and the devisee may convey good title thereto: Wagner v. Custer, 52 York 61 (1938). The widow then takes a one-half interest in the real estate, and not merely the right to one-half the value thereof.

Thus viewed, the petition of the executor, joined in by the widow and the second life tenant, to sell the real estate for the purpose of distribution must be granted. The question of the distribution of the proceeds of the sale will be passed upon on final distribution, but it is not amiss to point out that the widow will be entitled to one-half thereof absolutely. The loss to the second life tenant and the remaindermen must be made up out of the residue of the estate (Edelman's Estate, supra), and the right of the daughter to receive the income from the fund is accelerated by the election of the widow to take against the will: Disston's Estate, 257 Pa. 537, 541 (1917) ; Schmick Estate, 349 Pa. 65, 68 (1944). The fund, however, must be held in trust since the daughter has only a life estate therein. The question of sequestration does not here arise since the residue of the estate is given in trust for the benefit of the same parties as the real estate was devised, except for a power of consumption

And now, April 6, 1960, the court finding that it is desirable for the purpose of distribution that the real estate of Scott Runyan, deceased, be sold, and that the price or sum of $8,500 therefore is a fair and

184

reasonable price and a greater price then could be secured at public sale, it is ordered and decreed that Elwood J. Mellott, executor under the will of Scott Runyan, deceased, sell and convey unto Ethel Kendall Runyan, the property known as lot 23 in the general plan of the Borough of McConnellsburg, at private sale for the price or sum of $8,500, and that he account for the proceeds of such sale in his account as executor. No bond to be filed.