## Foster Estate

*Gifford, Graham, MacDonald, Illig and Frederick F. Jones* and *Alexander, Clark, Mervine & Calderwood,* for appellant.

*Ralph S. Snyder,* Deputy Attorney General, and *Edward H. Carney,* for Commonwealth.

ROBERTS, P. J., November 15, 1960.—This is an appeal from appraisement and assessment of transfer inheritance taxes in the Estate of Sila D. Foster, who died March 11, 1959. Decedent made pecuniary bequests in the amount of $52,529 to persons standing in a collateral relationship. These bequests are taxable at the rate of 15 percent under the Transfer Inheritance Tax Act.[1] Decedent also made a pecuniary gift and residual bequests to charity. These gifts are admittedly exempt from inheritance tax.[2]

Decedent in the 21st paragraph of her will provided:

"All estate, transfer, succession and inheritance taxes, Federal or State, assessed against or applying to my estate or any portion thereof, or to the passing of my estate or any portion thereof, . . . that may be

---

[1] Act of June 20, 1919 P. L. 521, as amended, 72 PS §2301 et seq.

[2] Act of May 28, 1956, P. L. 1757, 72 PS §2301.1.

subject to such taxes, shall be discharged out of the residue of my estate."

An inheritance tax appraisement was filed showing the gross value of decedent's estate at $699,679.44 against which $54,090.91 was allowed as debts and deductions. The Commonwealth treated the $52,529 of pecuniary noncharitable legacies as having a taxable value of $61,798.82, and imposed a tax of 15 percent on that amount. The Department of Revenue made the computation in accordance with tax calculation directive effective September 15, 1958 (Inheritance Tax: Collection of Tax, 8 Fiduc. Rep. 606), which regards each tax-free bequest as constituting an additional legacy in the amount of the tax exonerated from the bequest. In this instance, the tax so computed imposed a tax of $9,269.82 on $61,798.82, whereas the tax computed under the practice employed since the enactment of the tax act in 1919 is $7,879.35, based on $52,529 the amount of the legacies. Both computations use the same tax rate and under both methods the specific dollar amount passing to each beneficiary is precisely the same; the amount of tax, however, under the recent directive is $1,390.47 more.

It is the method of tax computation on tax-free bequests under the recent directive that is under attack here, as it was in Loeb Estate, 400 Pa. 368. The Supreme Court there held the new inheritance tax calculation directive invalid. That decision squarely governs this phase of the present controversy and the estate's appeal to that extent will be sustained and the Commonwealth's additional tax assessment of $1,-390.47 will be set aside.

The remaining question for our determination deals with taxpayer's contention that since the allowable deductions exceed the noncharitable bequests no tax is due the Commonwealth. It is also argued that since any tax on the pecuniary gifts would, under the tax-

saving clause of the will, be payable out of the residue, the imposition of tax results in a diminution of the residual charitable gifts and is contrary to the tax exemption granted qualified charities by the act.

Appellant's contention must be considered in the light of the pertinent provision of the act. Section 1 of the Act of June 20, 1919, P. L. 521, 72 PS §2301, sets forth the incidents of the tax:

"A tax . . . is hereby, imposed upon the transfer of any property . . . to persons . . ."

Section 2 of the Act of June 20, 1919, 72 PS §2302, provides the measure of the tax:

"All taxes imposed . . . shall be . . . upon the clear value of the property . . . passing to [beneficiaries] . . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates by the register of wills shall be the debts of the decedent, . . ."

In Shugars v. Chamberlain A. E. Inc., 284 Pa. 200, 205, it was held that under the act,

". . . the thing taxed was the right of succession or the privilege of receiving at death the property possessed by a decedent. . . ."

The tax is imposed on the beneficiary's right of succession to or the privilege of receiving decedent's property: Hoffmann Estate, 399 Pa. 96. This tax is ordinarily deducted from the distributive share before payment to the beneficiaries. Section 16 of the Act of June 20, 1919, P. L. 521, 72 PS §2352, expressly provides for such deduction. A testator may, however, direct either expressly, as this decedent did, or by necessary implication, that his gifts are free of tax to his beneficiaries and shall be awarded to them without deduction for inheritance tax: Spangenberg Estate, 359 Pa. 353.

Careful examination of the applicable provisions of the act convinces us that there is no legal basis for

concluding, as appellant urges, that the Commonwealth is not entitled to tax on the noncharitable pecuniary bequests because they total less than the allowable deductions or because the tax if imposed comes from the residue before it passes to the charities. The allowable deductions, even though greater than the noncharitable gifts, in no way diminishes what the beneficiaries receive. The tax is imposed on the beneficiaries and is measured by the clear value of what is received or passes to them, and here that is $52,529. The tax on this gift, is payable by the beneficiaries, except for the clause in the will relieving them of the payment of tax and providing for its payment from the residuary estate. Decedent's direction to shift the burden of tax from each legatee to the residuary estate does not deprive the Commonwealth of tax, on these otherwise clearly taxable gifts, because the residue passes to qualified charities. Nor does such payment in any sense constitute a tax on charities. Decedent herself made the binding decision that the legatees be relieved of tax obligation and that any tax due be paid out of the residuary estate. Decedent thereby reduced the residue by the amount of the tax before her gift to charity. It is only the balance remaining in the residuary estate that decedent gave to qualified charities and such gifts the charities receive tax exempt.

Accordingly we enter the following

## Decree

And now, to wit, November 15, 1960, after hearing and after full and careful review of the entire record and consideration of the written briefs and argument of counsel, it is ordered, adjudged and decreed that the appeal is sustained and the Commonwealth's additional tax assessment in the amount of $1,390.47 is set aside, and further that the inheritance tax due

the Commonwealth on pecuniary gifts be calculated on the amount of $52,529 at the collateral rate. The appraisement and assessment for transfer inheritance tax is to be amended accordingly.