GATES, P. J.,
— Sutton M. Ebert died testate May 13, 1968, survived by his widow, Jean C. Ebert. The widow was ignored in the will. *734 Consequently, on July 1, 1968, she filed her election to take against her husband’s will. There being two minor children, she has a one-third interest in the estate. Her claim was contested and we appointed an auditor, who conducted a hearing on April 23, 1970, and filed his report and schedule of distribution on February 23, 1971. The guardian ad litem for the minor children filed exceptions to the report.
These exceptions raise two questions: (1) Should the auditor have allowed $1,250 additional attorney’s fees to counsel for the accountants? (2) What is the extent of the widow’s interest in the estate and her share in the distribution?
Initially, we note that the account includes as an expense of settlement of the estate a payment of $2,-450 to counsel for the accountant. This is approximately five percent of the gross value of the estate. This is the usual fee allowed in this county for the services of counsel in the settlement of an estate. The auditor does not tell us why he proposes to allow an additional fee of $1,250 to counsel for the accountants. We have scanned the record and can perceive of no reason why additional compensation should be awarded counsel for the accountant other than that for attendance of the auditor’s hearing. A fee of $250 is a fair and just sum for these services and the additional sum of $1,000 is disallowed.
The second question raised by the exceptions is more difficult to resolve. The auditor, relying on Berntheizel Estate, 19 Fid. Rep. 63, and Runyan Estate, 10 Fid. Rep. 379, determined that the electing spouse is entitled to her share of decedent’s estate, “ . . undiminished by attorneys’ compensations and executor’s commissions.”
We axe disciples of stare decisis and we firmly believe in legal uniformity. But we are not bound by *735 decisions of courts of coordinate jurisdiction, and no appellate court has spoken to this perplexing problem. Nor should we engage in the legal footwork of distinguishing this case from Bemtheizel and Runyan, because they dealt with realty, while we have only personal assets in this estate. Plainly put, albeit reluctantly, we disagree with those decisions.
The Wills Act of April 24, 1947, P.L. 89, sec. 8, 20 PS §180.8, gives to a surviving spouse a right of election to take against the will of her deceased spouse. A surviving spouse who so elects, where testator is survived by more than one child. . . shall be entitled to one-half of the real and personal estate of the testator.” It will, of course, be noted that while the “real and personal estate of the testator” is not defined, the definition is in accordance with the language of section 2 of the Intestate Act of April 24, 1947 P.L. 80, 20 PS §1.2. This leads to the inescapable conclusion that the legislature intended the electing spouse to take the share of testators estate that she would have taken had he died intestate. The election is between rights, not between benefits. She has the right to abide by her husband’s disposition of his property or the right to override it and claim under the intestate laws: Cunningham’s Estate, 137 Pa. 621, 628.
Had Sutton Ebert died intestate, his widow would have been entitled to a one-third interest in his estate generally. No one here questions the right of a personal representative to take credit for administrative expenses, including executor’s commission and attorney’s fees in determining the distributable estate. See 16 P.L.E., Executors and Administrators, §251. If his widow’s share is undiminished by these commissions and fees, she will receive more than a one-third interest and the other heirs a correspondingly lesser share than the two-thirds to which they are entitled under *736 the intestate law. We find no justification for such a result arising out of the language employed by the legislature in either the Wills Act or the intestate laws.
Long prior to the 1947 Acts, Mr. Justice Sharswood, in Gallagher’s Estate, 76 Pa. 296, recognized that an electing widow has no undivided interest in specific personal assets of an estate, but only a right to share in the distribution of the estate as a whole. He noted: “The entire personal estate, bequeathed or not, vests in the executor in trust for administration and distribution: First, to pay debts and other legal claims.”
All of Mr. Sutton’s assets passed to the executor for administration and distribution. We do not believe the legislature intended to give an electing spouse a greater interest than her fractional share of the estate generally. The reason is. plain. Had that been intended, they would not have employed the same language used to define a spouse’s intestate share.
We can conceive of many inequitable situations which adherence to Berntheizel and Runyan would engender. For example, a testator would specifically set forth in his will that his widow was to receive from his estate the share she would be entitled to under the intestate laws. Since Berntheizel and Runyan appear to define the share of an electing spouse as something greater or more valuable than this, the widow could elect to take against the will, receive more than she otherwise would, and destroy completely the intention of testator who plainly provided for his spouse in an amount the legislature considers fair and reasonable.
Although unnecessary for present purposes, we believe that by the elimination of many of the distinctions between real and personal property in the administration of decedents’ estates (see sections 541 *737 and 547 of the Fiduciaries Act of April 18, 1949, P. 2512, 20 PS §§320.541, 320.547) it would appear that the reasoning of this case applies equally to real estate as well as personal property. See Fiduciary Review, July 1960, p. 3.
ORDER
And now, to wit, August 11, A.D., 1971, the record is remanded to the auditor with directions to prepare a decree consistent with this opinion by reducing counsel fees to $250 and by recomputing the distributive share by first crediting the entire estate with executor’s commissions and counsel fees. Upon our approval and filing of the decree, the same shall become absolute.