## Neamand Estate.

Argued January 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert J. Stern,* with him *Richard F. Stern, Charles M. Marshall,* and *Stern, Maxmin & Stern,* for appellants.

*Robert W. Valimont,* with him *Power, Bowen & Valimont,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1974:

This case presents the issue whether a surviving spouse who elects to take against her husband's will is to have the benefit of a pay-tax clause in that will. The Orphans' Court Division of the Court of Common Pleas of Bucks County answered the question affirmatively. *Neamand Estate,* 24 Bucks County L. Rptr. 221 (Pa. O.C. 1973). We agree and affirm.

Vincent Neamand died September 1, 1967, survived by his wife Janet Neamand (appellee here) and two children, Constance J. and David Vincent. His will, properly admitted to probate, made certain specific bequests, and set up a marital deduction trust for his wife and a residuary trust for his children. Testator named as executors of his estate and trustees of the two trusts, his wife, his attorney, and the Girard Trust Bank.

Janet Neamand, however, elected to take against the will.[1] The executors (Girard Trust dubitante) awarded her one-third of the estate without deducting any sum for inheritance or estate taxes. The executors' proposed distribution was predicated on Item 12th of testator's will, a pay-tax clause, which provides: "TWELFTH: All federal, state, and other death taxes payable, because of my death, with respect to the property forming my gross estate for tax purposes—whether

---

[1] Her election was made pursuant to Act of April 24, 1947, P.L. 89, § 8, 20 P.S. § 180.8 (1950), as amended, 20 Pa. S. § 2508 (Special Pamphlet, 1972).

or not it passes under this Will—shall be paid out of the principal of my general estate as if they were my debts, so that the full burden of such taxes shall fall upon my residuary estate passing under Article SEVENTH hereof, and no part of such taxes shall be charged against the gifts under other Articles of this Will or against any beneficiary. All such taxes on present or future interests shall be paid at such time or times as my Executors or my Trustees may think proper, regardless of whether such taxes are then due." The two children objected,[2] their objections were over-ruled, and this appeal ensued.[3]

Two questions inhere in our resolution of this appeal. Is it within a testator's power to direct that his residuary estate pay the taxes due on the surviving spouse's elective share? Did Vincent Neamand by appropriate language so direct?

The statutory scheme surrounding a spouse's elective share strongly suggests that a testator may relieve his or her surviving spouse's elective share from tax liability. Appellee's right to take against the will was provided for by 20 P.S. § 180.8.[4] Subsection b en-

---

[2] David Vincent Neamand being a minor at the time, the orphans' court appointed a guardian ad litem to represent his interests. See Act of August 10, 1951, P.L. 1163, art. VI, § 601, 20 P.S. § 2080.601 (1964) (now 20 Pa. S. § 751 (Special Pamphlet, 1972)).

[3] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp. 1973).

[4] Act of April 24, 1947, P.L. 89, § 8, 20 P.S. § 180.8 (1950), as amended, 20 Pa. S. § 2508 (Special Pamphlet, 1972). Section 180.8 is as follows.

"(a) Right of election. When a married person dies testate as to any part of his estate, the surviving spouse while living shall have a right of election under the limitations and conditions hereinafter stated.

"(b) Share of estate. The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and

titles a surviving spouse in appellee's situation "to one-third of the real and personal estate of the testator . . . ." The statute does not mandate that the fractional share be arrived at after taxes are deducted, or that the elective share can never be taken tax free. The language used by the Legislature does authorize a surviving spouse, if a testator so provides, to take an elective share free of any taxes.

Section 718(c) of the Inheritance and Estate Tax Act of 1961,[5] places the ultimate liability for inheri-

---

personal estate of the testator, if the testator is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances the surviving spouse shall be entitled to one-half of the real and personal estate of the testator.

"(c) Powers of appointment. The surviving spouse, upon an election to take against the will, shall not be entitled to any share in property passing under a power of appointment given by someone other than the testator and exercised by the will of the testator whether or not such power has been exercised in favor of the surviving spouse and whether or not the appointed and the individual estates have been blended."

[5] Act of June 15, 1961, P.L. 373, Art. VII, § 718, 72 P.S. § 2485-718 (1964). Subsection c pertains to the instant controversy because an election to take against the will is neither an outright bequest or devise (subsection a), or a transfer for limited period (subsection b).

Section 718 provides in full:

"(a) Outright Devises and Bequests.—In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property which passes by will absoultely and in fee, and which is not part of the residuary estate, shall be paid out of the residuary estate and charged in the same manner as a general administration expense. Such payment shall be made by the personal representative and, if not so paid, shall be made by the transferee of the residuary estate.

"(b) Transfer for Limited Period. In the absence of a contrary intent appearing in the will or other instrument of transfer, the inheritance tax imposed by this act, in the case of a transfer of any estate income or interest for a term of years, for life, or

tance tax on each transferee "[i]n the absence of a contrary intent appearing in the will . . . ." Recently, in interpreting section 718(c), this Court held that it "affords a testator the privilege of shifting, in whole or in part, among his transferees their 'ultimate liability for inheritance tax.'" *Kleinhans Estate,* 454 Pa. 539, 543, 312 A.2d 366, 369 (1973). Accord, *Zellefrow Estate,* 450 Pa. 302, 299 A.2d 248 (1973) (construing § 718(a)). The Legislature clearly intended that the decision for allocating liability for inheritance taxes could be made, if desired, by a testator.

The same conclusion holds for a testator's power in regard to apportionment of estate taxes. Section 736 of the Inheritance and Estate Tax Act of 1961,[6] captioned "Source of payment," sets forth how estate taxes should be apportioned "unless otherwise provided . . . in the instrument of transfer." Here, too, the Legislature has given a testator the option of directing how estate taxes are to be allocated.

Moreover, the Legislature has granted a testator the power to allocate federal estate taxes. Section 3(a)

---

for other limited period, shall be paid out of the principal of the property by which the estate, income or interest is supported. Such payment shall be made by the personal representative and, if not so paid, shall be made by the trustee, if any, and, if not so paid, shall be made by the transferee of such principal.

"(c) Other Transfers. In the absence of a contrary intent appearing in the will or other instrument of transfer and except as provided in subsections (a) and (b) of this section, the ultimate liability for inheritance tax imposed by this act shall be upon each transferee."

[6] Act of June 15, 1961, P.L. 373, Art. VII, § 736, 72 P.S. § 2485-736 (1964) (footnotes omitted) states in full: "The estate tax imposed by sections 421 and 431 shall be apportioned and ultimately borne in accordance with the provisions of the Estate Tax Apportionment Act of 1951, unless otherwise provided by this act or in the instrument of transfer." The full citation for sections 421 and 431 is id. Art. IV, §§ 421, 431, 72 P.S. §§ 2485-421, 2485-431 (1964).

of the Estate Tax Apportionment Act of 1951[7] provides: "Powers of Testator or Settlor. A testator, settlor, or possessor of any appropriate power of appointment may direct how the estate tax shall be apportioned or allocated or grant a discretionary power to another so to direct. Any such direction shall take precedence over the provisions of this act insofar as the direction provides for the payment of the estate tax or any part thereof from property, the disposition of which can be controlled by the instrument containing the direction or delegating the power to another."

Neither section 718(c), nor section 736, nor section 3(a) (now 20 Pa. S. § 3703(a)) contains any limitation as to those who, receiving property from a testator's estate, may be included within the ambit of a pay-tax clause. There is no restriction that those who may benefit by testator's "contrary intent," "provision otherwise," or "direction to allocate" must take under a testamentary document and not by operation of law.

It is clear, also, that by taking against the will a spouse does not lose the benefit of all provisions in a will. An electing spouse may continue to serve, if designated by testator, as either an executor of his estate or a trustee of a trust he may have established. *Crawford's Estate*, 340 Pa. 187, 192-93, 16 A.2d 521, 524 (1940).[8] Indeed, Janet Neamand continues to serve as both an executor and a trustee under testator's will. No challenge has been made to her competency to carry out these responsibilities or her right to assume them.

A spouse who takes against the will may exercise a special testamentary power of appointment given her

---

[7] Act of August 24, 1951, P.L. 1405, § 3(a) (now 20 Pa. S. § 3703 (a) (Special Pamphlet, 1972)).

[8] See *Mulligan's Estate*, 28 Pa. Dist. 309 (O.C. Philadelphia County 1919) (guardian of minor's estate); *Welder's Estate*, 39 Pa. County Ct. 343 (O.C. Lancaster County 1911) (executrix).

by her husband. See *Grange Estate,* 63 Pa. D. & C. 2d
770 (1973). See *Brachman Estate,* 57 Schuylkill Legal
Rec. 19, 23, 11 Fid. Rptr. 310, 315-16 (Pa. O.C. Schuyl-
kill County 1960). In *Huddy's Estate,* 236 Pa. 276, 84
A. 909 (1912), testatrix had earlier been given the in-
come of a trust for life with a testamentary power of ap-
pointment over its principal. In her will she exercised
the power in favor of her husband, among others. Be-
cause the husband elected to take against her will, the
orphans' court concluded that he could not receive any
part of the property disposed of by the power of appoint-
ment. This Court reversed and held that the husband
was "entitled to share the trust fund with the other re-
siduary legatees named in his wife's will." Id. at 282, 84
A. at 911.[9] These cases refute any contention that an
election to take against a will invariably renders in-
operative all provisions in the will favoring the electing
spouse.[10]

---

[9] The result in *Huddy's Estate,* 236 Pa. 276, 84 A. 909 (1912),
was changed by the Act of April 24, 1947, P.L. 89, § 8(c), 20 P.S.
§ 180.8(c) (1950) (Now 20 Pa. S. § 2508(c) (Special Pamphlet,
1972)). See note 4 supra.

[10] Despite conceding that taking against the will does not
preclude the electing spouse from receiving benefits under the will,
appellants argue that Janet Neamand may not benefit from the
pay-tax clause because once she elected to take against the will,
"there is no Will." For this proposition, *Cunningham's Estate,*
137 Pa. 621, 20 A. 714 (1890) ; *Hoover v. Landis,* 76 Pa. 354 (1874)
(per curiam) ; *Mitchell's Estate,* 79 Pa. Superior Ct. 208 (1922)
(per curiam) ; *Ebert Estate,* 52 Pa. D. & C.2d 733 (C.P. Lebanon
County 1971), are cited. None is controlling.

*Cunningham's Estate* and *Hoover v. Landis,* both arose prior
to the enactment of the present version of the statute relating
to elective shares. The statute in force when these two cases were
decided stated that if a "widow shall elect not to take under the
will . . . she shall be entitled to such interest in the real estate
of her deceased husband as the widows of decedents dying intes-
tate are entitled to under the existing laws of this commonwealth."

A pay-tax clause by its very nature is not the sort of provision that election against the will nullifies.

---

Act of April 20, 1869, P.L. 77, § 1. To the same effect is Act of June 7, 1917, P.L. 403, § 23(a), 20 P.S. ch. 2, Appendix at 451 (§ 261) (1950). Elective share statutes prior to 1947 articulated this statutory right with reference to intestacy laws. See Act of April 24, 1947, P.L. 89, § 8, 20 P.S. § 180.8 (1950), as amended, 20 Pa. S. § 2508 (Special Pamphlet, 1972).

Within this statutory matrix, it was not difficult for courts to conceive of taking against the will as equivalent to taking by intestacy, and further that taking by intestacy meant that "the Intestate Law superseded the will as to [the surviving spouse's] estate." *Hoover v. Landis,* supra at 357. In *Cunningham's Estate,* this Court expressly relied on the notion that the choice given by the Legislature to the surviving spouse was between taking under the will or taking by intestacy.

This nineteenth-century rationale is inapplicable to the present situation. Here, appellee elected to take against the will under the authority of a statute that makes no mention of intestacy. Act of April 24, 1947, P.L. 89, § 8, 20 P.S. § 180.8 (1950), as amended, 20 Pa. S. § 2508 (Special Pamphlet, 1972). Subsection b of section 180.8 provides: "Share of estate. The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and personal estate of the testator, if the testator is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances the surviving spouse shall be entitled to one-half of the real and personal estate of the testator." Subsection b simply sets forth in what circumstances a surviving spouse may claim a specified fraction of the deceased spouse's estate.

As enacted, section 180.8 (also, 20 Pa. S. § 2508) does not contain provisions identical to the intestacy laws. As President Judge SATTERTHWAITE correctly reasoned: "Indeed, in the case where the decedent leaves no issue surviving, the elective share in fact actually differs from the intestate share, since the former does not include the $20,000 allowance provided by the latter." 24 Bucks County L. Rptr. at 227. Compare Act of April 24, 1947, P.L. 89, § 8(b), 20 P.S. § 180.8(b) (1950) (now 20 Pa. S. § 2508(b)), with id. § 2, 20 P.S. § 1.2 (1950), as amended, 20 Pa. S. § 2102 (Special Pamphlet, 1972).

Directing that a legatee receive a tax-free bequest does not amount to an additional gift to the extent of the tax benefit. *Loeb Estate,* 400 Pa. 368, 162 A.2d 207 (1960),[11] expressly rejected the Commonwealth's attempt to treat a tax-free legacy as creating an additional bequest. This Court held that removing the tax burden from a bequest did not constitute a testamentary disposition subject to tax. Our conclusion was reached despite recognition that the recipient of a tax-free gift received an economic benefit. Nevertheless, this Court was unwilling to equate receipt of an economic benefit with receipt of a bequest.

Since, under *Loeb Estate,* providing that a bequest be taken free of tax is not part of a testator's dispositive scheme, it must therefore be in the nature of an administrative direction. Cf. *In re Barnhart Estate,* 102 N.H. 519, 524, 162 A.2d 168, 172 (1960). The elective share was established by the Legislature to ensure that a surviving spouse had the option of choosing a legislatively-determined reasonable share, if there was either no or inadequate provision for him or her in the deceased spouse's will.[12] Being an alternative to dispositive provisions, the elective share, once chosen, was meant to preclude the electing spouse from taking

In short, both *Hoover v. Landis* and *Cunningham's Estate,* have no relevance in view of the statutory scheme existing when appellee elected to take against the will.

Neither *Mitchell's Estate,* supra, nor *Ebert Estate,* supra, involved the effect, if any, of an election against the will on a pay-tax clause. In neither was a pay-tax clause ever mentioned. They cannot therefore furnish any support for appellant's position.

[11] See also *Foster Estate,* 24 Pa. D. & C.2d 182, 184 (O.C. Erie County 1960).

[12] See generally Shaiman, The Widow's Election—Tax and Fiduciary Considerations, 40 Temp. L.Q. 1 (1966). Cf. Haskins, Courtesy at Common Law: Historial Development, 29 B.U.L. Rev. 228 (1949); Haskins, The Development of Common Law Dower, 62 Harv. L. Rev. 42 (1948).

a bequest under the will. However, by taking against the will, the surviving spouse does not renounce administrative provisions. See *Crawford's Estate,* supra.

Courts of other jurisdictions have regularly concluded that a spouse taking against the will may receive the benefit of a pay-tax clause. In the leading case of *In re Barnhart Estate,* 102 N.H. 519, 162 A.2d 168 (1960), the Supreme Court of New Hampshire resolved the exact issue presented here in favor of the surviving spouse. The reasoning of Mr. Chief Justice KENISON of that court is compelling.

"The further contention is made that the widow by waiving the will and taking her statutory share cannot receive any benefit or rights under the will direct or indirect, state or federal, taxwise or otherwise. This sweeps with too broad a brush. The fact that the testator designated his wife as co-executor and co-trustee is not changed because she took her statutory rights rather than her testamentary bequests . . . . If a provision of the will in the widow's favor is ineffective because of a widow's renunciation of such provision, it does not follow that other provisions of the will lose their efficacy . . . . If it may be to the widow's financial advantage to take her statutory share, she is not to be penalized by taxation or other-wise for taking a course of action which the state law expressly allows." Id. at 523, 162 A.2d at 171-72 (citations omitted). Accord, *Cox v. United States,* 421 F.2d 576 (5th Cir. 1970) (interpreting Alabama law); *Snodgrass v. United States,* 308 F. Supp. 440 (N.D. Ala. 1968), aff'd, 427 F.2d 150 (5th Cir. 1970) (per curiam) (same); *Robertson v. United States,* 281 F. Supp. 955, 963-64 (N.D. Ala. 1968) (same); *Marler v. Claunch,* 221 Tenn. 693, 430 S.W.2d 452 (1968); *Commerce Union Bank v. Albert,* 201 Tenn. 631, 301 S.W.2d 352 (1957).

In this Commonwealth, the Legislature has explicitly given the testator the right to allocate the taxes due on his bequests. It has not required that a testator only apportion the taxes of those who take under the will. And it has provided that a surviving spouse may receive a fractional share of an entire estate before the payment of taxes. Moreover, taking against the will does not vitiate all will provisions favoring the electing spouse. Like the New Hampshire Supreme Court, we are of the opinion that a surviving spouse is not to be deterred by taxation from pursuing a course that our statutes expressly allow. We therefore hold that a testator may, by appropriate language in the testamentary instrument, remove the tax burden from the surviving spouse's elective share.[13]

---

[13] Appellants seek to rely on three orphans' court decisions, which all concluded that pay-tax clauses do not apply to the surviving spouse's elective share. Not only are these cases not controlling precedents, but they are distinguishable on their facts. Moreover, the opinions fail to offer any cogent reasons for the conclusions stated. In none of these opinions is there any mention either of the applicable death tax apportionment acts, see notes 5-7 supra and accompanying text, or of the statute relating to election against the will, see note 4 supra and accompanying text.

In *Brachman Estate*, 57 Schuylkill Legal Rec. 19, 21, 11 Fid. Rptr. 310, 312 (Pa. O.C. Schuylkill County 1960), the court does not mention the language of the testator's pay-tax provision. However, without reason or citation to authority, the orphans' court conclusorily states that the widow cannot benefit by the pay-tax clause. It is unclear, moreover, whether any challenge was made on the issue of the surviving spouse being liable for the state inheritance tax on her elective share. The pay-tax clause in *Morcroft Estate*, 16 Fid. Rptr. 289, 295 (Pa. O.C. Allegheny County 1966), only applied to property passing under the will. Although the surviving spouse's elective share was not covered by this provision, the court relied, without analysis or reason, on *Brachman Estate*, for its gratuitous conclusion that the electing spouse could not benefit by the pay-tax clause. The court's comments in this respect were unnecessary to the resolution of that case. *Gentle Estate*, 20

The question next arises whether testator by clear and unambiguous language, *Erieg Estate,* 439 Pa. 550, 556, 267 A.2d 841, 845 (1970), provided by Item 12th of his will that the elective share of his wife was to be free of all taxes. The answer is found in the well-reasoned analysis of President Judge SATTERTHWAITE: "We believe that Item 12th does overcome this presumption [in favor of statutory proration]. It applies to *all* death taxes, with respect to *any* property which is includable in the *gross* estate for tax purposes, 'whether or not it passes under this Will'; it mandates that the *full* burden of such taxes shall fall on the residuary estate; it precludes the charging of taxes, not only against non-residuary gifts *under* the will, but equally and conjunctively against *any* beneficiary, whether or not taking under the will. More all-inclusive language would be difficult to imagine. It manifestly is broad enough to extend to taxes attributable to the spouse's elective share, and there is not the slightest intimation of intention to exclude such an interest from its all-encompassing scope." 24 Bucks County L. Rptr. at 229 (emphasis in original). To this reasoning we need only add that "every married testator knows, or is presumed to know, that his surviving spouse may elect to take against the will." *Schmick Estate,* 349 Pa. 65, 70, 36 A.2d 305, 308 (1944).[14]

---

Fid. Rptr. 407, 410-11 (Pa. O.C. Montgomery County 1970), only cites *Morcroft Estate* as authority for its similar conclusion that the surviving spouse cannot share in the pay-tax clause. The court further believed that since the effect of the pay-tax clause would be to benefit the surviving spouse, the clause was therefore inapplicable. This statement of the orphans' court is refuted by this Court's decision in *Loeb Estate,* 400 Pa. 368, 162 A.2d 207 (1960). See text accompanying notes 11-12 supra. See also 24 Bucks County L. Rptr. at 224-25.

[14] See *Babcock Estate,* 378 Pa. 456, 462-63, 106 A.2d 435, 437-38 (1954); *Vance's Estate,* 141 Pa. 201, 209, 21 A. 643, 643 (1891); *Dulles Estate,* 156 Pa. Superior Ct. 405, 407, 41 A.2d 52, 53 (1945).

Testator's pay-tax clause clearly and unambiguously expressed his intent that his wife's elective share was to be included within its scope. It was within his power so to direct.

Decree affirmed. Each party pay own costs.

Mr. Justice EAGEN dissents.