## Lammert Estate

*Harry L. Lentchner,* for accountant.
*Walter Kieler,* for widow.

BOYLE, *J.,* August 20, 1975—The question presented in the audit of the first and final account of the executor is whether the widow's elective share is liable for any portion of the Federal estate tax due from the estate of decedent.

Charles W. Lammert, decedent, made and signed his last will and testament on October 9, 1962. Decedent married Marie Lammert on April 4, 1969. He died on December 16, 1972.

The pertinent provisions of the will are the following:

"Item 2. I give, devise and bequeath all of the rest, residue and remainder of my property, of whatsoever kind and wheresoever situate, to my four sons, John A. Lammert, Charles W. Lammert, Jr., William E. Lammert, and Russell G. Lammert, in equal shares, in fee simple and absolutely . . .

"Item 3. I hereby nominate, constitute and appoint my sons, Charles W. Lammert, Jr. and William E. Lammert, joint executors, without bond, of this my last will and testament."

The will of this decedent makes no provision for the payment of taxes. It does not contain what is sometimes referred to as a "pay tax" clause.

The widow filed timely her election to take against the will under the provisions of section 2508 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No. 164), now Decedents, Estates and Fiduciaries, 20 Pa.C.S. §2508, which became effective July 1, 1972.

It is conceded that decedent's gross estate, as indicated by the Federal estate tax return, is $1,288,983.30 and that the wife's elective share, as shown therein, is $393,052.42.

The widow's elective share qualifies for the marital deduction. In Northeastern Pa. National Bank & Trust Company, Executor, v. United States of America, 360 F. Supp. 116 (1973), in the United States Court for the Middle District of Pennsylvania it was held at pages 117-18 (Muir, *D.J.*):

"Section 2056 of the Internal Revenue Code of 1954 provides that in computing the value of the taxable estate, the value of any interest which passes to the surviving spouse, up to a maximum of 50% of the value of the adjusted gross estate, is to be deducted from the value of the gross estate. However, if under the applicable state law the marital interest is required to bear a part of the death taxes, the amount of the deduction is reduced accordingly. Under Pennsylvania law, death taxes are to be charged against the marital interest only if there is 'a clear indication that such was the testator's intent.' Here not only is such an indication absent, but Rodgers' intent that the marital share be free of death taxes is clear."

See also Erieg Estate, 439 Pa. 550, 556, 267 A. 2d 841 (1970).

There is not a clear intention of any kind expressed in the will of Charles W. Lammert that his widow is to bear any part of the Federal estate tax burden. The estate tax apportionment provisions in sections 3702, et seq. of Chapter 37 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§3702, et seq., do not require that any part of the

Federal estate tax in the case at bar be apportioned to the distributive share which is due to the widow under her election to take against the will. See Neamand Est., 456 Pa. 22, 318 A. 2d 730 (1974); Erieg Est., supra, 556; Peperedin Est., 23 Fiduc. Rep. 140 (1973); Morcroft Est., 16 Fiduc. Rep. 289 (1966), and Morris Est., 1 Fiduc. Rep. 141 (1950).

Although exempt from the payment of Federal estate tax, the elective share of the widow is subject to Pennsylvania transfer inheritance tax under the provisions of section 718(c) of the Inheritance and Estate Tax Act of 1961, as amended. See Doyle Est., 16 Fiduc. Rep. 276 (1966).

A decree will be entered in accordance with this opinion.