353 A.2d 404

**ESTATE of Roy H. RITTENHOUSE, Deceased.**

**Appeal of Emma M. RITTENHOUSE.**

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided March 17, 1976.

Malcolm Campbell, Norristown, for appellant.

Francis P. O'Hara, Norristown, for appellees, Jean Clemens and William F. Fox, Executors of Est. of Roy H. Rittenhouse.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal presents the issue of whether the surviving spouse's share of her deceased husband's estate is liable for the payment of administration expenses when she elects to take against the will pursuant to the Wills Act of April 24, 1947, P.L. 89, § 8, as amended, 20 P.S. § 180.8, now 20 Pa.C.S.A. § 2508.

The testator, Roy H. Rittenhouse, died in August of 1970. When his will was offered for probate, appellant Emma H. Rittenhouse chose to take against the will under § 2508. Section 2508(b) states:

> "The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and personal estate of the testator . . . ."

The Court of Common Pleas, Orphans' Court Division, of Montgomery County, in an opinion by Judge Taxis, ruled that appellant was entitled to one-third of the testator's estate, after the deduction of a pro-rata share of the administration expenses.

Appellant contends that she should receive one-third of the testator's estate, and that all of the administrative expenses should be paid from the remaining two-thirds of the estate. Her contention is based on the language of § 2508(b). Section 2508(b) differs from its predecessor, the Wills Act of June 7, 1917, P.L. 403, § 23(a) (hereafter cited as the Wills Act of 1917). The Wills Act of 1917 stated that the

> "surviving spouse shall be entitled to such interests in the real and personal estate of the deceased spouse as he or she would have been entitled to had the testator died intestate . . . ."

The Intestate Act of June 7, 1917, P.L. 429, § 1, now 20 Pa.C.S.A. § 2101, provided that "[t]he real and personal estate of a decedent, . . . *subject to payment of debts and charges*," was to be distributed as later described by the Act if it was not disposed of by will or otherwise. Consequently, it was clear that the "payment of debts and charges" was to take place before any distributive shares were determined. Section 2508(b) of the Wills Act of 1947, however, contains no reference to the Intestate Act of 1917. Appellant contends that the legislature's change of the language indicates a deliberate intent that the elective share of the surviving spouse is *not* to be "subject to payment of debts and charges . . . ."

While the language of the Wills Act of 1917 and the Wills Act of 1947 differ, we do not believe that the change in language was made to relieve the surviving spouse's elective share from the burden of paying a pro-rata share of the administration expenses. In *Brown Estate*, 446 Pa. 401, 412, 289 A.2d 77, 82 (1972), Mr.

Justice Roberts stated that the statutory provisions authorizing a surviving spouse to elect to take against the will were not intended

"to enable an electing spouse to include anything more in her deceased husband's estate for purposes of her election than would be includable in a decedent's estate in determining what property should pass under the provision of his will or by intestacy."

Although *Brown Estate,* and other cases holding to the same effect, all dealt with a widow's attempt to have her share determined without regard to the rights of creditors, see *Beeruk Estate,* 429 Pa. 415, 241 A.2d 755 (1968), and *Pratt Estate,* 14 Fiduc.Rep. 617, affirmed, 422 Pa. 446, 221 A.2d 117 (1964), appellant's argument that her share should be determined before deducting administrative expenses would have the same effect. It would include more in her deceased husband's estate for purposes of her election than would be included for purposes of intestacy or for testamentary transfer. *Brown Estate,* 446 Pa. 401, 289 A.2d 77 (1972).

Appellant also relies on *Neamand Estate,* 456 Pa. 22, 318 A.2d 730 (1974) in support of her argument that taking under Section 2508 differs from taking under the Intestacy Act. It is true that this Court has recognized that taking against the will under Section 2508 was not the same as taking by intestacy. *Id.* at 30, n. 10, 318 A.2d at 734, n. 10. Because we recognize a difference between Section 2508 and the Intestacy Act, however, does not mean that the spouse's elective share should not bear the burden of administrative expenses. In *Neamand Estate,* we held that the surviving spouse who took against the will could have the benefit of some of the will's provisions. Thus, we allowed her the benefit of a provision stating that her share of the estate, whether passing under the will or not, was to be free of the burden of paying taxes because it was an administrative provision and not a bequest which she had renounced by taking against

the will. In doing so the Court stated: "The statute does not mandate that the fractional share be arrived at after taxes are deducted, or that the elective share can never be taken tax free." *Id.* at 26, 318 A.2d at 733. Appellant contends that this statement means that her fractional share does not have to be computed after administrative expenses are deducted. This is true, but unlike *Neamand Estate,* the testator here left no administrative direction that she was to take her share, either under the will or against it, free of administrative expenses.

Decree affirmed. Each party pay own costs.