## Corso Estate

*Robert E. McKee, Jr.,* for exceptant.
*Carl M. Janavitz,* for personal representative.
*John J. Dean,* for widow.

ROSS, E., *J.,* January 16, 1980—Exceptions have been filed by residuary beneficiary, Carol Corso, decedent's daughter, to the decree of distribution entered August 27, 1979, after the audit of the final account of the executor. The exceptions urge that the court erred in failing to charge Ursula Corso's share of the estate for Pennsylvania inheritance tax and interest under section 2485-718(c) of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, as amended, 72 P.S. §2485-718(c), and in charging that tax and its interest against the residue. No exception relates to the allocation of Federal estate taxes to the residue.

The issue before the court is whether the tax clause in decedent's will written before his second marriage and directing that his residue pay death taxes is not to be given effect as to transfer inheritance taxes when his will was modified by the circumstances of divorce and remarriage and when his after-married wife takes a share of his estate equal to her intestate share.

Decedent Anthony C. Corso died testate September 19, 1976, a domiciliary of Allegheny County, Pennsylvania, leaving his second wife, Ursula Corso and his daughter Carol Corso, child of his first wife, to survive.

After execution of his probated will on February 1, 1957, decedent and his first wife Helen Corso, were divorced and he married Ursula Corso without changing his will which in paragraph third

gave one-half an equal share each to Helen Corso and to Pittsburgh National Bank, as trustee, of so much of his estate as to receive the maximum Federal estate tax marital deduction. This gift was conditioned on Helen Corso's survival.

The one-half given the trustee was to be used as trust fund A to pay income or principal to Helen Corso with a power in her to appoint principal by will or with a gift over to the residuary trust set up as fund B held for the benefit of the daughter who could receive income, some or all principal, with a gift over of the residuary principal of fund B to the daughter's issue.

Paragraph ninth of the will directed the executor to "pay out of the principal of my residuary estate all Federal Estate, State Inheritance, or Estate and Succession Taxes imposed upon or with respect to my estate or any property in which I may have an interest, *including any property not forming a part of my testamentary estate but included in my gross estate for tax purposes* . . . and *no such taxes or any portion thereof so paid shall be collected from or paid by any other person* . . . by way of reimbursement, proration, apportionment or otherwise." (Emphasis supplied.)

No one disputes that Ursula Corso takes a share of the estate equal to what would have been her intestate share if less than her testate share. Under section 2507(3) of the Probate, Estate and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 Pa.C.S.A. §2507(3), the after-married spouse receives "the share of the estate to which [she] would have been entitled had the testator died intestate, unless the will shall give [her] a greater share." Under section 2507(2) the divorce of the

testator from Helen Corso renders "all provisions in the will in favor of or relating to his spouse so divorced . . . ineffective for all purposes."

Thus, it is clear that testator's will was modified so as to remove all provisions in favor of Helen Corso. The issue is whether the court must also hold that the will was partially revoked not only as to the gift to Helen Corso but also as to the direction to pay taxes on decedent's testamentary or non-testamentary gross estate out of the residue when the direction benefits others. The tax clause referred in no way to Helen Corso and covers property passing by will or otherwise and taxable at death.

In Neamand Estate, 456 Pa. 22, 318 A. 2d 730 (1974), *under prior estate tax apportionment law,* the court held that a tax clause in favor of an electing wife was not a gift to her and thus did not fall with the election. (The Probate, Estates and Fiduciaries Code, section 3702(a), 20 Pa.C.S.A. §3702(a), relating to estate tax apportionment, was then amended but only to provide that the electing spouse cannot benefit from a tax clause.) The tax clause is here not revoked in toto nor does this statutory change modify the rule in Neamand, supra, page 30, that one who takes part of an estate by operation of law may benefit by the tax clause.

Even though Helen Corso may not benefit from decedent's tax clause, because she and decedent were divorced, her divorce should not penalize anyone else who might benefit therefrom. To hold that the divorce bars anyone other than Helen from benefits under decedent's will throws the baby out with the bath.

The apportionment of transfer inheritance tax is governed here by section 2485-718(c) of the Pennsylvania Inheritance and Estate Tax Act of June

15, 1961, supra, which provides that, with respect to transfers passing other than by will, the transferee bears the tax in the *absence of a contrary intent appearing in the will or other instrument of conveyance*.

The tax provision in decedent's will subsists save as to Helen Corso. It applies to transfers under the will and outside the will and clearly places the tax burden on the residue. It matters not that the transferee happens to be the second wife or someone else taking the equivalent of an intestate share by operation of law.

Ursula Corso does not take against testator's will. The statute in section 2506(3) *modifies testator's will because of circumstances* so that she is included in his estate, her share measured by the usual intestate share or her testate share, if larger.

A spouse who marries after the will is executed or children who are born or adopted after the will is executed do no voluntary act in derogation to the executed will or conveyances of the decedent. Their marriage, birth and adoption modify the will by operation of law so they are let into distribution to an extent measured by their intestate share: Probate, Estate and Fiduciaries Code, section 2507(3) and (4), 20 Pa.C.S.A. §2507(3) and (4). No policy requires that this court overturn the express direction of this testator that the taxes on transfers *under or outside his will* be paid from the residue. It is not a question of intestacy and of each intestate heir's paying his own tax since decedent has indicated a contrary intent. It is a question of what decedent intended and giving effect thereto so that however property passed the tax was to be borne by the residue unless Helen Corso was the taker.

The exceptions should be dismissed.

## ORDER

And now, January 16, 1980, after agument on the exceptions filed by residuary beneficiary, Carol Corso, to the decree of distribution entered August 27, 1979, and after consideration thereof and of the written memoranda of counsel, it is ordered, adjudged and decreed that the exceptions are hereby dismissed.