## Solms' Estate.

*Wills—Legacies—Widow—Construction—Intention.*

1. As to the identity of a beneficiary a will speaks as of its date.

2. There is no inflexible rule that the word "widow" when used to denote relationship to a legatee or donee necessarily means the wife who shall survive him, when another was his wife at the making of the will or trust deed. In such case, who was really intended should be determined by a consideration of the entire instrument, aided by the rules of construction.

3. Where the donee is described by relation to the donor, or another, on a contingency that may or may not happen, and a person is in being at the time of the execution of the instrument, to whom, on the happening of the contingency, the description would apply, it is a safe general rule to hold such person as intended to be the devisee.

4. A deed of trust conveyed certain real estate for the benefit of the grantor's son for his life with directions to the trustee upon the death of the son "to pay the said income with interest to the widow of the said son," naming him, "should she survive him," and after her death for the benefit of the son's children. The son's wife predeceased the son leaving children; the son remarried and was survived by his second wife, who claimed that she was entitled to the income. The auditor awarded the property to the children of the son to the exclusion of the second wife. *Held*, the lower court did not err in dismissing exceptions to the report of the auditor.

Argued Feb. 2, 1916. Appeal, No. 270, Jan. T., 1915, by Hannah M. de Solms, from decree of C. P. Montgomery Co., June T., 1914, No. 1, dismissing exceptions to report of auditor in Estate of Sidney J. Solms. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to report of Wm. D. Dannehower, Auditor. Before SWARTZ, P. J.

The court dismissed the exceptions. Hannah M. de Solms appealed.

*Errors assigned* were in dismissing the exceptions.

*Joseph Hill Brinton*, with him *Frank A. MacManus* and *Franklin L. Wright,* for appellant.

*Frank J. Bradley* and *J. P. Hale Jenkins,* for appellees.

OPINION BY MR. JUSTICE WALLING, April 17, 1916:

In 1881 Sidney J. Solms was the owner inter alia of a plantation of 116 acres of land located in Lower Merion

Township, Montgomery County, on which his only son, Sidney J. B. de Solms, with his wife and four young children resided. The elder Solms, in view of his approaching marriage to Mrs. Mary Jane Knight, and to better protect his said son and his son's family, and in consideration of love for the son, executed a deed of trust, in which Mrs. Knight joined, conveying said plantation to the Philadelphia Trust Safe Deposit & Insurance Company, in trust and for the use and benefit of said donor, Sidney J. Solms, for his life, with a reserved power of sale and also of appointment at his death, and, in default of such appointment, for the benefit of his said son for life, as a spendthrift trust, and further providing as follows, viz:

"And from and after the decease of the said Sidney J. B. de Solms, upon trust to pay the said income and interest to the widow of the said Sidney J. B. de Solms should she survive him for and during the term of her natural life, and from and after the death of said widow then to apply and appropriate said income and interest to and for the education, maintenance and support in equal shares of the child or children of said Sidney J. B. de Solms during his, her or their minority and upon his, her or their arrival at lawful age, then in trust for the use and benefit of such child or children, and if more than one in equal share absolutely and in fee simple."

In January, 1883, the plantation was sold, from which was realized, after payment of liens and expenses, a trust fund of about $23,000.00, and in February of the same year an agreement was made in which the elder Solms, his other children and said company were parties, by which he surrendered his said power of appointment and his life interest in said trust estate, "to the end and intent that the whole of said cash purchase-money, so paid for said tract of land, should be invested by said company, trustee for the immediate benefit, support and maintenance of said Sidney J. B. de Solms and his family ac-

cording to the terms and directions of this instrument and of said deed of trust and as if the life estate of said Sidney J. Solms therein had terminated and he had died intestate as to the same."

Said agreement also provided for the investment of a sum not exceeding five thousand dollars of such trust fund in the purchase of a house and lot of land as a home for the said Sidney J. B. de Solms and his family, which was done. And, as to his remainder in the trust estate all the provisions of said deed were expressly re-affirmed in the agreement.

Sidney J. Solms, the donor, died in 1893, his son's wife died in 1905; and in 1907, the son remarried, and died in 1913, survived by his second wife, the appellant, and by three children of the first wife, born before the making of said agreement.

The court below sustained the auditor, who awarded said trust fund to the three children, on the ground that the word "widow" in said deed should be construed "wife," and that their mother was the one thereby intended. Such conclusion is fully sustained by the exhaustive report of the learned auditor and the well-considered opinion of Judge SWARTZ.

Said trust deed and agreement should be considered together, and any difference there may be in the rules of construction of a deed and a will does not here seem important.

The rule in Pennsylvania seems to be that: "Where an estate is given to a person described by relation either to the testator or to other devisees, on a contingency that may or may not happen, and a person is in being at the time of the execution of the will, to whom, on the happening of the contingency, the description would apply, it is a safe general rule to hold such person as intended to be the devisee: Anshutz, et al., v. Miller, 81 Pa. 212 (215)."

The clause of the will there construed is, "I bequeath to

the said John P. Anshutz, all my right and title to my income from said estate so long as he shall live, and after his death, his widow is entitled to said income; after her death it shall be distributed to Annie M. Miller." And it is there held that the one intended by the testator was the wife of said Anshutz when the will was made, and not some other person who might stand in that relation at his death. In Beers v. Narramore, et al., 61 Conn. 13, it is held that by the term widow of his son the testator intended the wife of his son then living, and not any future wife, whom he might leave as his widow. See also Johnson & Greene, Trustees, v. Webber, Exec., et al., 65 Conn. 501 (33 Atl. Repr. 506).

As to identity of the beneficiary a will speaks as of its date: Jones Est., 211 Pa. 364. And it is reasonably well settled that in general a reference to the wife of a legatee means one who occupied that relation at the making of the will: Van Syckel v. Van Syckel, et al., 51 N. J. Eq. 194; Boreham v. Bignall, 8 Hare 131. However, the term widow is sometimes given a broader signification and held to include the one who survives the legatee, although not the person who was his wife at the making of the will: Crocheron v. Fleming, 74 N. J. Eq. 567.

"Unless there is something in a will indicating the contrary a gift to the wife of a designated married man is a gift to the wife existing at the time of the making of the will, and not to one whom he may subsequently marry. A gift to the widow of a designated person, however, has a broader application and includes such wife as may survive him: Meeker v. Draffen & Meeker, 201 N. Y. 205."

But it is there said (p. 209) : "It is difficult to formulate a general rule upon the subject for 'no will has a brother,' and the language of every testator must be studied by itself in order to learn his intention." And in the more recent case of, In re Harris, 136 N. Y. Supp. 711, it is stated (p. 713) "We are not unmindful of the

fact pointed out by the court of appeals in the Meeker case (above cited) that the word 'widow' is often given a broader application than is given to the word 'wife,' but, after all, the intention of the testator, if it can be ascertained is the true test to be applied to the construction of a will, and mere differences in the use of words are by no means controlling."

There seems to be no inflexible rule, certainly none in Pennsylvania, that the word "widow," when used to denote relationship to a legatee or donee, necessarily means the wife who shall survive him, when another was his wife at the making of the will or trust deed. In such case, who was really intended should be determined by a consideration of the entire instrument, aided by the rules of construction.

In the case at bar a satisfactory conclusion cannot be reached by the consideration of any one word, but the trust deed and agreement must be considered as an entirety, and so construed if possible as to give effect to all the language. The words, "to pay the said income and interest to the widow of the said Sidney J. B. de Solms should she survive him," all considered seem to refer to the widow as a particular existing person and not a class.

The donor had in mind the wife of his son and the thought of her surviving him. Such construction gives effect to the entire clause. Probably the word "widow" was used because of the thought that she might become such by the son's death. The donor does not refer to the son leaving a widow him surviving, but indicates a particular person by the words, "should she survive him."

The intent of the transaction was to render present and continuing assistance to the son and his family, including the donor's grandchildren, and with that family he shared his patrimony. And in case of his son's death he was willing to intrust the income of the estate to the mother of his grandchildren, knowing she would care for

them; but had no thought of so arranging the trust estate that its income might for many years be payable to some person, unknown to him and not related to them, who might ultimately become his son's widow, especially when such payment would be to the exclusion and deprivation of his own grandchildren.

It is not necessary here to restate other reasons given by the auditor and the court below.

The assignments of error are overruled and the decree is affirmed.