### Brown's Estate.

*Wills—Construction—Will speaks from date—When gift to son's wife does not include second wife.*

1. In ascertaining the identity of a beneficiary, a will speaks as of its date; hence, a reference to the wife of a legatee means one who occupied that relation at the time the will was made.

2. A legacy in trust for testatrix's son, A, for life, and upon his death in trust for A's wife, B, "if his wife survive him, but if he shall leave no wife him surviving," then this share to be paid to his children: *Held*, not to include A's second wife, whom he married after testatrix's death.

Exceptions to adjudication. O. C. Phila. Co., July T., 1916, No. 144.

*Taylor, Robey & Hoar*, for exceptions; *Duane, Morris & Heckscher*, contra.

GUMMEY, J., Dec. 2, 1921.—In ascertaining the identity of a beneficiary, a will speaks as of its date; hence, the general rule that a reference to the wife of a legatee means one who occupied that relation at the time the will was made. See Solms's Estate, 253 Pa. 293.

Brown's Estate.

In the will now before us the testatrix bequeathed the one-fourth share of her son, J. Morton Brown, to the West Philadelphia Title and Trust Company upon the following trust:

"In trust nevertheless to hold the same and keep the same invested and pay over the net income therefrom unto my son J. Morton Brown for and during all the term of his natural life, and from and immediately after his decease if his wife survive him it is my will that said income shall be paid to his wife, Isadora P. Brown, for and during all the term of her natural life, and from and immediately after the decease of the said Isadora P. Brown and upon the decease of the said J. Morton Brown if he shall leave no wife him surviving I give, devise and bequeath said one-fourth share of my residuary estate unto the children of the said J. Morton Brown in equal shares absolutely."

Isadora P. Brown died shortly after the testatrix; subsequently J. Morton Brown married Margaret Sellers and died April 29, 1921, leaving his second wife, Margaret S. Brown, surviving him.

The auditing judge was of the opinion that the provision in the will for the benefit of J. Morton Brown's wife was not limited to her who was his wife when the will was executed, and accordingly he held that the trust continued until the death of Margaret S. Brown, and awarded her the income therefrom.

With some hesitation we have reached a conclusion different from that of the auditing judge, who in the main based his opinion on the words underscored in the sentence, "upon the decease of the said J. Morton Brown *if he shall leave no wife him surviving;*" but we do not believe that these words indicate with sufficient clearness an intention on the part of the testatrix to benefit her son's wife by a marriage subsequent to his first one, in contravention of the general rule. These words appear to have been inserted parenthetically out of an abundance of caution to emphasize the fact that distribution was not to take place upon the decease of J. Morton Brown except in the event that he should not leave his wife, Isadora, to survive him. It will be noticed that in the earlier part of the clause under discussion the name Isadora P. Brown follows the word "wife" only once, although it is evident that she was the only wife of J. Morton Brown that the testatrix had in mind when she wrote that part of her will. In reaching this conclusion we are aided by the fact that there is no direction to pay the income after the death of J. Morton Brown to any one except Isadora; and, to give effect to the contention of Margaret S. Brown, it would be necessary to *imply* a direction to pay, which, as we read the will, would not be justified; in other words, beyond the bare expression, "if he shall leave no wife him surviving," there is no provision whatever in the will which can be construed as a benefit to Margaret S. Brown unless we incorporate with it a provision which manifestly was made for Isadora P. Brown only.

Rogers's Estate, 30 Dist. R. 448, is easily distinguished, because in that case the testatrix's son was not married at the time the will was made, notwithstanding which testatrix made provision for a wife should he take one.

The exceptions are sustained, and the principal comprising the trust estate, with the income accrued thereon (subject to the payment to the estate of J. Morton Brown of the income accrued and unpaid at the time of his death), is awarded to Mary Brown Moon and Isadora E. Brown Stratton in equal shares. The adjudication is amended accordingly, and, as so amended, is confirmed absolutely.

LAMORELLE, P. J., dissents.

NOTE.—Compare Rogers's Estate, 30 Dist. R. 448.