## Stewart Estate.

Argued October 1, 1957. Before JONES, C. J., BELL, CHIDSEY, ARNOLD, JONES and COHEN, JJ.

452

*William J. Kenney*, with him *Roy Thomas Clark*, *Donald M. Birch* and *Kenney, Stevens, Hill & Clark*, for appellant.

*Ralph D. McKee*, with him *Alter, Wright & Barron*, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 11, 1957:

This appeal questions the construction which the court below placed upon the dispositive terms of an inter vivos trust in respect of the settlor's gift over of the income from the trust, in certain contingencies, to his son's wife surviving him. At the time of the son's death, the wife with whom he was then living was not the wife to whom he was married when the deed of trust was executed. It is that circumstance which gave rise to the controversy here involved.

On October 10, 1921, H. S. A. Stewart, Sr., executed his inter vivos deed of trust to the Fidelity Title and Trust Company (now Fidelity Trust Company), of Pittsburgh, and deposited with the trustee the securities listed in the indenture. The trust provided for a life estate to the settlor's son, H. S. A. Stewart, Jr., and directed the trustee, upon the death of the son, to deliver the securities of the trust estate (as they then existed) to the lawful issue of the son and, in the event that the son was not survived by issue, then to pay the income from the trust estate "unto his [the son's] wife him surviving for and during the term of her natural life."

The settlor died on September 12, 1922, survived by his son who, during his life, contracted five marriages. The son died on February 11, 1955, survived by his fifth wife, Elizabeth Wales Stewart. No children were born of any of the son's marriages. Upon settlement of the trustee's account following the son's death, the court below awarded the income from the trust to Elizabeth Wales Stewart, for life, as the wife whom the son had left surviving him. Cecelia H. Stewart, the son's second wife to whom he was married and with whom he was living at the time of the execution of the deed of trust but from whom he had been divorced years prior to his death, has appealed the award asserting that she is the wife whom the settlor intended should receive the income of the trust if she survived the settlor's son and the son was not survived by issue.

The appellant argues that the word "wife" as used in the deed of trust presumptively refers to the person who occupied that relationship to the settlor's son at the time of the execution of the trust deed. This presumption, the appellant derives from a rule of testamentary construction for which there is no authoritative recognition in this State: see *Buzby Estate,* 386 Pa. 1, 5-7, 123 A. 2d 723. What we said in *Buzby Estate* with respect to resort, generally, to rules of construction and, in particular, the absence of any rule of construction in this State such as the appellant advocates so completely destroys the basis for her mistaken contention that little more need be said.

The learned auditing judge, to whom *Buzby Estate,* supra, was not available at the time he filed his opinion for the court below, cogently reasoned to the correct conclusion that H. S. A. Stewart, Jr.'s, wife with whom he was living at the time of his death was the wife that survived him and, so, fulfilled the plain de-

scription of the settlor's intended beneficiary of the trust income following his son's death without issue. The son's second wife, Cecelia, did, it is true, survive him, but she was his ex-wife, and not his wife, at the time of his death and, therefore, does not qualify as the wife surviving the settlor's son.

We have already fully distinguished in *Buzby Estate*, supra, the cases upon which the appellant principally relies, such as *Anshutz v. Miller*, 81 Pa. 212, and *Solms' Estate*, 253 Pa. 293, 98 A. 596, on the question of the supposed rule of construction. The learned auditing judge did likewise and, speaking for the court en banc, overruled the appellant's exceptions in sole reliance on *Buzby Estate*.

Decree affirmed at appellant's costs.