397 A.2d 776

**ESTATE OF Clarence E. BERTOLET, Deceased.**

**Appeal of FRANKFORD TRUST COMPANY and William H. Bertolet, Co-Executors and Trustees, Fiduciary and Accountant, and William H. Bertolet, Heir.**

**Cross Appeal of Ethel O. BERTOLET, Surviving Spouse.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1978.

Decided Jan. 24, 1979.

Reargument Denied Feb. 28, 1979.

Charles H. Dorsett, Doylestown, for appellant at 564 and appellee at 566.

Paul C. Heintz, Philadelphia, for appellee at 564 and appellant at 566.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On November 3, 1974, Clarence E. Bertolet died leaving a will which divided his estate between his wife, Ethel O. Bertolet, and his son by a previous marriage, William H. Bertolet. Under the will executed on June 25, 1962, Clarence bequeathed to his wife the household furnishings and other personalty. To his son he bequeathed all his personal effects, including his jewelry, and "all stock in excess of 485½ shares of the Laurel Soap Company . . .." Testator placed the residue of his estate into two trusts and named his executors, William H. Bertolet and Frankford Trust Company, as trustees. Trust "A," for the benefit of testator's wife, was to consist of that portion of the value of his estate which, when added to the value of the specific bequest to her, would achieve the maximum federal estate tax deduction under the law applicable at his death. The balance of the estate was to be placed in Trust "B" for testator's son. Testator's will also included a clause directing that all death taxes be paid from the residuary estate.

On December 11, 1974, the widow filed her election to take against her husband's will. Because testator was survived

by only one child, she was entitled to one-half of his estate.[1] Relying upon this Court's decision in *Neamand Estate,* 456 Pa. 22, 318 A.2d 730 (1974), the widow claimed that she was entitled to receive the benefit of the pay-tax clause in her husband's will and that therefore taxes attributable to her statutory share should be paid out of the residuary estate.

We are now asked to decide two questions: whether the pay-tax clause in testator's will clearly and unambiguously expresses an intent to remove the burden of taxation from his wife's elective share; and, if so, whether an amendment to 20 Pa.C.S.A. § 3703(a) enacted twenty months after testator's death can deprive the widow of the benefit of that pay-tax clause.[2]

The auditing judge in the Orphans' Court Division of the Court of Common Pleas of Philadelphia decided both issues in the widow's favor. In reviewing the exceptions to that adjudication the orphans' court en banc agreed that the pay-tax clause clearly showed testator's intent to protect his wife's elective share from taxation. The court en banc concluded, however, that the amendment to section 3703(a) deprived testator of the power to relieve her share of federal

1. Decedents, Estates and Fiduciary Code of 1972, 20 Pa.C.S.A. § 2508 (1975).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1978).

 Testator's son and Frankford Trust Company seek to raise the additional issue that the auditing judge erred in allocating the income earned by the estate during administration. The adjudicating judge applied a "changing fraction" method of allocation by which a party is to receive income in proportion to his percentage of interest in the principal of the estate existing at the time of income distribution.

 Testator's son and Frankford Trust Company in their exceptions to the adjudication of the auditing judge, however, failed to make any reference whatsoever to the application of the "changing fraction" method. That issue therefore was not considered by the orphans' court en banc and was not preserved for our review. *Estate of Stanley,* 470 Pa. 483, 368 A.2d 1259 (1977); Sup.Ct. O.C. Rules § 3, Rule 1; Pa.R.C.P. Rule 1518.

estate taxes.[3] Both parties have appealed from this adjudication. Testator's widow asserts that her share should be free of all death taxes. The Frankford Trust Company and testator's son, on his own behalf and as co-executor and trustee, contend that testator did not clearly express an intent to save his wife's statutory share from tax liability and that therefore the tax burden should be allocated according to the applicable statutes.[4]

We agree with the adjudication of the auditing judge that the widow's statutory share is free from the burden of all taxes. We therefore vacate that portion of the decree which imposes upon her statutory share liability for federal estate taxes, and as modified we affirm the decree.

## I

In *Neamand Estate,* 456 Pa. 22, 318 A.2d 730 (1974), testator included in his will a pay-tax clause which relieved his wife from the burden of death taxes. The clause directed all taxes to be paid from the residuary estate "whether or not [the property] passes under this Will." Testator's wife elected against the will. This Court concluded that the testator had the power to remove the tax burden from the surviving spouse's statutory share and that the pay-tax clause clearly and unambiguously rebutted the presumption favoring statutory proration of death taxes. See, e. g., *Erieg Estate,* 439 Pa. 550, 267 A.2d 841 (1970). That "every married testator knows, or is presumed to know, that his surviving spouse may elect to take against the will," confirmed testator's intent that his wife take her statutory share tax free. *Schmick Estate,* 349 Pa. 65, 70, 36 A.2d 305, 308 (1944) (quoted in *Neamand,* 456 Pa. at 34, 318 A.2d at 737).

3. The orphans' court reasoned that the amendment to section 3703(a) only affects "estate tax" which is defined in section 3701 as "gross Federal estate tax, including interest and penalty thereon."

4. Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, art. VII, §§ 718(c), 736, 72 P.S. §§ 2485–718(c), 2485–736 (1964); Estate Tax Apportionment Act, Act of June 30, P.L. 508, § 2, 20 P.S. § 3702 (1975).

Testator's widow argues that *Neamand* is controlling here. The pay-tax clause in testator's will provides in pertinent part:

> *"ELEVENTH* : I direct my Trustees to pay from the principal of my residuary estate, but in no event from that portion of my estate constituting the marital Trust 'A' as hereinabove set up in my Will, all taxes in the nature of estate, inheritance, succession and transfer or other similar taxes of every kind levied or assessed upon legacies, gifts and devises given herein or in any Codicil hereto, and in respect to any other assets which may be included in or added to my estate for the purpose of calculating such taxes."

The widow contends that Article Eleventh, like the pay-tax clause in *Neamand,* is expansive and fully encompasses her statutory share. We agree.

Although not passing as a legacy, gift or devise, the assets comprising the widow's elective share are clearly "other assets" and are "included in" the testator's estate. The pay-tax clause expressly directs that taxes on all such assets are to be paid from the residue. The application of the pay-tax direction in *Neamand* to "the property forming my gross estate for tax purposes—whether or not it passes under this Will" is closely analogous to the design here where application of the pay-tax clause is not limited to property passing under the will but embraces all assets "included in or added to" testator's estate. As in *Neamand,* this language

> " 'is broad enough to extend to taxes attributable to the spouse's elective share, and there is not the slightest intimation of intention to exclude such an interest from its all-encompassing scope.' "

Id., 456 Pa. at 34, 318 A.2d at 737 (quoting orphans' court). This testamentary plan thus satisfies the requirement of clarity set forth in *Neamand,* particularly in view of the fact that in formulating his pay-tax clause testator knew or is presumed to have known that because of his spouse's right to her elective share not all assets included in his will would

necessarily pass through the will. To reach any other conclusion would be to undermine *Neamand* and obscure testator's clear intent.[5]

## II

We now consider the effect of the 1976 amendment to section 3703(a) upon testator's testamentary plan. Section 3703(a), as amended, provides:

"(a) Powers of testator or settlor.—A testator, settlor, or possessor of any appropriate power of appointment may direct how the estate tax shall be apportioned or allocated or grant a discretionary power to another so to direct. Any such direction shall take precedence over the provisions of this chapter in so far as the direction provides for the payment of the estate tax or any part thereof from property, the disposition of which can be controlled by the instrument containing the direction or delegating the power to another, provided that any such direction shall not be effective to increase the share of a spouse who has elected to take against the will or other conveyance of the decedent."

The question here is whether the 1976 proviso was intended to apply to the will of a testator who died in 1974. It is a firmly established principle of statutory construction that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. § 1926 (Supp.1978). The plain terms of the amendment reveal no legislative intent to make it retroactive. We are therefore obliged to presume in the absence of any clear legislative expression to the contrary that the Legislature did not intend to apply the amendment to a case in which the testator's death preceded the amendment's effective date. The provision making the amendment "immediately effective" shows no more than an intent to apply

---

**5.** Testator's son and Frankford Trust Company suggest that the reference to "other assets" was a direction only that taxes on any non-probate assets be paid out of the residuary estate. We will not, however, impose such a narrow and specific interpretation on a clause drafted in the broadest terms.

the amendment to all cases in which the testator's death follows the date of enactment. The widow's interest is therefore unaffected.[6]

Accordingly we vacate that portion of the orphans' court decree which places upon the widow's statutory share the burden of federal estate taxes, and as modified we affirm the decree. Each party pay own costs.

POMEROY, former J., and O'BRIEN, J., did not participate in the decision of this case.

EAGEN, C. J., and LARSEN, J., dissent.

6. We do not decide what effect the proviso may have on cases in which the testator's death follows the effective date of the amendment. We therefore need not determine when a direction to relieve a spouse's statutory share from taxes has the effect of "increasing" that spouse's share.