431 A.2d 253

In re ESTATE OF Anthony C. CORSO.

**Appeal of Carol CORSO.**

Supreme Court of Pennsylvania.

Argued Oct. 1, 1980.

Decided July 2, 1981.

Robert E. McKee, Jr., Feldstein, Grinberg, Stein & McKee, Pittsburgh, for appellant.

Carl Max Janavitz, Pittsburgh, for Executor of Estate.

John J. Hickton, John J. Dean, Pittsburgh, for Ursula Corso.

Before O'BRIEN, C. J. and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On February 1, 1957, Anthony C. Corso ("testator") executed his will. The will provided that his wife Helen Corso receive in trust an amount equal to the maximum allowable marital deduction under federal estate tax laws and that their daughter Carol receive the residue of the estate in trust. The will also contained a tax allocation clause directing that all inheritance and estate taxes be paid from the residuary estate.[1] Some fifteen years after the execution of this will, testator and his wife Helen were divorced. As a consequence, under section 2507(2) of the Probate, Estates and Fiduciaries Code, all provisions in testator's will "in favor of or relating to" his divorced spouse were rendered "ineffective for all purposes."[2] Thereafter, testator mar-

---

1. The tax allocation clause reads:

   "NINTH: I direct my Executor to pay out of the principal of my residuary estate all Federal Estate, State Inheritance, or Estate and Succession Taxes imposed upon or with respect to my estate or any property in which I may have an interest, including any property not forming a part of my testamentary estate but included in my gross estate for tax purposes, except any property over which I have a taxable power of appointment in this Will, at such times and in such manner as my Executor, in its discretion, shall deem advisable, and no such taxes or any portion thereof so paid shall be collected from or paid by any other person, persons or Corporations by way of reimbursement, proration, apportionment or otherwise."

   This case was reassigned to the present writer on February 3, 1981.

2. Section 2507(2) of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, 20 Pa.C.S. § 2507(2), provides for modification of a will by operation of law upon the divorce of a testator:

   "(2) Divorce—If the testator is divorced from the bonds of matrimony after making a will, all provisions in the will in favor of or

ried again, but did not alter his will. Testator died on September 19, 1976. His second wife, as an after-married spouse, received one half of the estate, "the share of the estate to which . . . [she] would have been entitled had the testator died intestate . . . ." 20 Pa.C.S. § 2507(3).[3] The remainder of the estate went to testator's daughter Carol as residuary beneficiary.

On August 27, 1979, the Orphans' Court Division of the Court of Common Pleas of Allegheny County entered a decree of distribution confirming the executor's final account, which, relying upon the pay-tax clause, charged all the taxes on the after-married spouse's intestate share to the residuary estate. Appellant Carol Corso filed exceptions to the decree, contending that since the pay-tax clause was intended to benefit only testator's former spouse, it was rendered ineffective upon testator's divorce by section 2507(2), along with all the other provisions "in favor of or relating to" his former spouse and thus could not benefit his second spouse's intestate share. The orphans' court en banc, Judge Boyle dissenting, dismissed appellant's exceptions and this appeal followed.[4]

▇ Relying upon this Court's decision in *Neamand Estate*, 456 Pa. 22, 318 A.2d 730 (1974), the orphans' court held that the pay-tax clause was not revoked *in toto* by testator's divorce and thus applied to relieve testator's second spouse, taking by operation of law, of her share of estate and inheritance taxes. In fact, the issue here is not the extent to which section 2507(2) revokes the pay-tax clause but, rather, whether testator's second spouse, whose existence was uncontemplated when testator executed his will in 1957,

relating to his spouse so divorced shall thereby become ineffective for all purposes."

**3.** 20 Pa.C.S. § 2102(2) provides that in cases of intestacy the surviving spouse is entitled to a one-half share of the estate "if the decedent is survived by one child only . . . ."

**4.** Appellant challenges only the orphans' court's allocation of Pennsylvania inheritance taxes on the intestate share to the residuary estate. The allocation of federal estate taxes is not in dispute.

may reap the benefit of the pay-tax clause in addition to her statutorily mandated intestate share. The rationale of our decision in *Neamand Estate,* supra, and fundamental principles governing the ascertainment of testamentary intent compel the conclusion that she may not, and accordingly we reverse.

In *Neamand Estate,* this Court held that a spouse who elected to take against the will could nonetheless receive the benefit of a general pay-tax clause quite similar to the one at issue here, ostensibly intended to benefit the share which the spouse would have received had she taken under the will.[5] *Neamand Estate* did not hold, as the orphans' court stated, that a general pay-tax clause benefits any spouse, present or subsequent, who takes "by operation of law." Rather, the holding is based primarily on the reasoning that, because " 'every married testator knows, or is presumed to know, that his surviving spouse may elect to take against the will,' " id., 456 Pa. at 34, 318 A.2d at 737, quoting *Schmick Estate,* 349 Pa. 65, 70, 36 A.2d 305, 308 (1944), a testator would intend a broad pay-tax clause to apply to his spouse's share whether or not she took under the will. Accord, *Bertolet Estate,* 483 Pa. 496, 397 A.2d 776 (1979).

Thus, the holding in *Neamand* is based upon a legal presumption of testamentary intent and was clearly intended to apply only to a spouse who was married to a testator at the time of the execution of the will and who later chose to elect against the will.[6] In those specific circumstances,

---

**5.** The Legislature's amendment of section 3703 of the Probate Estate and Fiduciaries Code in 1976 to provide that a tax allocation clause shall not relieve an electing spouse's share of an apportionment of estate taxes and the subsequent enactment of section 2204(d) in 1978, providing the same rule as to inheritance taxes, would require a different result in *Neamand Estate* if the case were decided today.

These legislative actions do not affect the validity of the principles of interpretation of testamentary intent applied in the *Neamand* decision and in fact provide implicit support for the result we reach today. See Fiduciary Review, October, 1980, at 2 (statutes affecting *Neamand* provide "a strong indication of legislative policy in a closely analogous situation").

**6.** The only time relevant to a determination of a testator's intended beneficiaries is the date of the execution of his will, not the date of

language in the will allocating taxes on transfers outside the will was held to evince the "contrary intent" necessary to relieve a testator's spouse of tax liability on her elective share.[7]

Here, on the other hand, although the pay-tax clause refers to property outside the testamentary estate, it is absurd to suppose that testator intended the clause to benefit the intestate share of a spouse whose existence was undreamed of when he executed his will in 1957. Under the rationale of *Neamand*, we would have to presume that, at the time he executed his will, testator foresaw and provided for his subsequent divorce, remarriage, preservation of his will, and consequent partial intestacy. Law, as well as common sense, prohibits such a flight of fancy, for it is settled by our cases that "one who writes a will is presumed to intend to dispose of all of his estate and not to die intestate as to any portion thereof." *Carmany Estate*, 357 Pa. 296, 299, 53 A.2d 731, 732 (1947); accord, *Provident Trust Co. of Philadelphia v. Scott*, 335 Pa. 231, 6 A.2d 814 (1939); *Duffy's Estate*, 313 Pa. 101, 169 A. 142 (1933).

■ The tax allocation clause in testator's will is clearly a provision "in favor of" testator's former spouse. *Neamand Estate*, supra; *Loeb Estate*, 400 Pa. 368, 162 A.2d 207 (1960). Indeed, since the will named only two beneficiaries—testator's wife Helen, whose taxes were to be paid, and their daughter Carol, who was to pay her mother's taxes—the pay-tax clause was intended to favor only testator's former spouse. Therefore, upon testator's divorce, section 2507(2) rendered the tax allocation clause "ineffective for all purposes," along with all the other provisions in the will "in favor of or relating to" testator's divorced spouse.

his death. *Solms Estate*, 253 Pa. 293, 98 A. 596 (1916); *Jones Estate*, 211 Pa. 364, 60 A. 915 (1905); 6 Pa. Orphans' Ct. Commonplace Book, Wills § 10(c) at 316 (rev. ed. 1974).

7. Section 2485–718(c) of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. § 2485–718(c), provides that taxes on transfers outside the will shall be borne by the transferee "(i)n the absence of a contrary intent appearing in the will or other instrument of transfer . . . ."

Our decision today thus accords with both the plain language of section 2507(2) and fundamental principles of testamentary intent. When he executed his will in 1957, Anthony Corso did not intend to die intestate, did not intend to divorce and remarry, and thus could not have intended his subsequent spouse to benefit from the pay-tax clause or any other provision of his will. By operation of section 2507(3), testator's second wife receives an intestate share of her husband's estate. By no legitimate application of the principles governing the ascertainment of testamentary intent may she also derive a benefit from the will which he executed prior to his divorce and second marriage. See *Carmany Estate*, supra; see also *Ellowitz Estate*, 64 Lanc. L.R. 127 (1974) (pay-tax clause not applicable to spouse who marries subsequent to execution of will and takes by intestacy); *Nicely's Estate*, 235 Cal.App.2d 174, 44 Cal.Rptr. 804 (1965) (intestate share may not benefit from pay-tax clause).

The decree of the orphans' court is reversed and the case remanded for entry of a decree consistent with this opinion.

Each party pay own costs.

KAUFFMAN, J., filed a dissenting opinion.

KAUFFMAN, Justice, dissenting.

The sole issue presented here is whether a general pay-tax clause, which would have relieved a testator's divorced spouse of all tax liability on the share of his estate to which she would have been entitled if all bequests to her had not become ineffective by operation of law, has been revoked *in toto* by reason of the divorce. The court *en banc* answered in the negative. I agree and would affirm.

Though paying lipservice to section 2507(2) of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, 20 Pa.C.S.A. § 2507(2), the majority, by focusing solely on the testator's presumed intent at the time he executed his will, effectively ignores the statute and the General Assembly's intent in enacting it. Section 2507(2) provides for modification of a will by operation of law upon divorce of a testator:

(2) Divorce—If the testator is divorced from the bonds of matrimony after making a will, all provisions in the will in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes.

There is no dispute that the personal effects and marital deduction bequests to testator's first wife thus have become ineffective for all purposes and that she takes *nothing* under his will. Appellant argues, however, that because the general pay-tax clause *would have* conferred an economic benefit upon the divorced spouse if her bequests had *not* been nullified by operation of law, it favors her and, therefore, it too has become ineffective for *all* purposes. I disagree.

Section 2507(2) is a verbatim re-enactment of Section 7(2) of the Wills Act of 1947,[1] in which the General Assembly, to promote justice, provided for modification of a will by operation of law upon a testator's divorce. *Cf. McGuigen Estate*, 388 Pa. 475, 131 A.2d 124 (1957). Under the prior law of this Commonwealth, a testator's subsequent divorce did not operate by law to revoke a testamentary gift to the divorced spouse. *Re Jones' Estate*, 211 Pa. 364, 60 A. 915 (1905). The Report of the Joint State Government Commission on Decedent's Estates, which Commission was responsible for drafting what eventually became Section 7(2) of the Wills Act of 1947, reflects the desire of the General Assembly to provide by law a testamentary scheme akin to that which it presumed a divorced testator would have intended in light of his dramatically changed circumstances:

This [section] is taken from section 53 of the Model Probate Code. There is no similar provision in the 1917 act. A will in favor of a named spouse remained good in Pennsylvania without regard to a subsequent divorce: *Jones's Est.*, 211 Pa. 364. It is not a complete answer to say that the will can be changed or revoked. The testator may delay the change too long or may forget to make it or may be incompetent to make it. The real question is whether most persons so circumstanced (as in the case of

1. Act of April 24, 1947, P.L. 89, No. 38, *as amended*, Act of February 17, 1956, P.L. 1070, No. 346.

later marriage or birth) would wish their wills changed or would wish them to remain the same, and there is no doubt that most would wish them changed.

*Report of the Joint State Government Commission of the General Assembly of Pennsylvania Relating to the Wills Act of 1947*, p. 42, (1947). Assuming that a testator ordinarily would not wish to confer a testamentary benefit upon one no longer his spouse, the General Assembly concluded that continuation of will provisions favoring the former spouse was simply a matter of inadvertence and provided for revocation thereof by operation of law. Thus, the purpose of the statute clearly is to prevent the *former spouse*, and *only* the former spouse, from receiving any type of benefit under the will.[2]

A general pay-tax clause obviously applies only to those who receive part of a testator's gross estate for tax purposes. Since all bequests to the divorced spouse clearly were rendered ineffective by operation of law at the time of the divorce, the pay-tax provision here neither favors nor relates to her. It does mandate, however, that all death taxes otherwise chargeable to testator's wife at the time of his death be paid out of the residuary estate, even though she takes by operation of law.[3]

2. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. . . ." Statutory Construction Act of 1972, P.L. 1339, No. 290, 1 Pa.C.S.A. § 1921(a).

"'[I]n ascertaining the legislative meaning . . . the report of a legislative commission or a Senate or House committee may, if obscurity or ambiguity exists, be considered.'" *McGuigen Estate*, 388 Pa. 475, 482, 131 A.2d 124, 128 (1957) (citations omitted). Further, in construing an ambiguous statute, we must consider the object of the legislation, "and the former law, including statutes, upon the same or similar subjects." *Casey v. Pennsylvania State University*, 463 Pa. 606, 615, 345 A.2d 695, 700 (1975).

3. I note that Paragraph Ninth of testator's will expressly applies to "any property not forming a part of [testator's] testamentary estate but included in [testator's] gross estate for tax purposes." Thus, by unambiguous language testator provided that the pay-tax provision would apply to state inheritance taxes imposed upon *all* property whether part of his testamentary estate or otherwise. Although the

It is ironic and unjust for the majority to interpret a statute designed to effectuate a decedent's presumed intent to nullify will provisions *favoring his divorced spouse* in a manner which results instead in detriment to his wife at the time of his death. The objective of the legislation was to bar *only* the divorced spouse from benefits under the will. I conclude, therefore, that the pay-tax clause has not been rendered ineffective and that testator's wife at the time of his death is entitled to take her share free of all taxes.

second wife's share of testator's estate passed to her by operation of law, it was "included in [his] gross estate for tax purposes."