## Riley Estate

*Arthur R. Harris and Robert H. Yaroschok,* for administrator.
*Albert L. Blackman, Jr.,* for John Kevin Riley.
*Barbara Ann Duffy,* for the Commonwealth.

MIMS, *J.,* December 11, 1984.—The first and final account of Charles H. Riley, administrator of the estate of said decedent, was presented to the court for audit, confirmation and distribution of ascer-

tained balances on August 6, 1984, having been continued from July 2, 1984, as advertised according to law. Due proof of appropriate notice thereof to all parties legally interested in said estate appears in the record.

Said account has been examined and audited by the court. Balances for distribution shown thereby include principal in the amount of $169,575.82, composed of pre-audit distributions of $900, unreceipted for; real property, lot no. 8, River Road, Tinicum Township, Bucks County, Pa., carried at $48,000; personal property carried at $1,222.88; cash in the amount of $120,386.11 and jointly owned property (partnership) carried at $12,015.60 and revalued as of May 14, 1984 at $11,955.37 and income in the amount of $12,888.54 in cash. Said respective balances for distribution appear to have been correctly computed and stated on the accounting filed.

No additional receipts or disbursements since the accounting were suggested.

Accountant submitted to be debited to income with $2,712.12 for interest and Pennsylvania income tax refund received since the closing date of the accounting. Accountant requested and is hereby allowed additional credit against principal in the amount of $1,533.39 for Pennsylvania inheritance tax, bond premium and real estate taxes paid since the closing date of the accounting. The principal and income balances for distribution shown in the account are hereby revised accordingly.

No information relating to Pennsylvania inheritance tax is contained in this record. Accordingly, the awards hereinafter directed are made subject to such liability, if any, as may still in fact be due thereon for inheritance tax.

No unpaid claims against the estate were presented.

This estate has a troubled history. Joyce Detweiler claimed to be the common-law wife of decedent. After lengthy hearings, we found that she was not the common-law wife of decedent. An appeal followed. The matter was settled by the payment of $7,500 to Joyce Detweiler approved in an order entered on August 24, 1982.

At the time of the death of decedent, his brother, Charles H. Riley, applied for letters of administration claiming that the intestate heirs of decedent were decedent's son, John Kevin Riley, 14 years of age, and Charles H. Riley. Letters of administration were granted to Charles H. Riley on November 17, 1980 by the Register of Wills of Bucks County.

On July 13, 1981, counsel for the administrator filed a caveat dated July 10, 1981, requesting the register to refuse probate of any will thereafter offered for probate.

On August 16, 1982, Margaret Mary Smith Bennett Steele and her sister, Patricia Jean Smith Gampa, decedent's stepdaughters by a prior marriage, requested a citation to issue upon the administrator directing him to show cause why the caveat should not be dismissed and a will of decedent dated August 4, 1969, admitted to probate. The citation was issued and subsequently a full hearing was held before the register of wills. On October 6, 1982, the register ordered the caveat dismissed and admitted the will dated August 4, 1969 to probate. The register also revoked the letters of administration granted to Charles H. Riley.

An appeal from that decision and order was filed by Albert L. Blackman, Jr., Esq., guardian ad litem for John Kevin Riley, a minor, and by Charles H.

Riley. A citation was issued returnable November 22, 1982. No one has requested a hearing in this matter.

Charles H. Riley has now concluded the administration of decedent's estate and has filed this first and final account. In the petition for adjudication he has suggested that the entire residuary estate be awarded to John Kevin Riley, who is now an adult.

Objections to this suggested distribution have been filed by decedent's stepdaughters, Patricia Jean Smith Gampa and Margaret Mary Smith Bennett Steele.

At a conference of all counsel in this matter, it was agreed that the decision of the auditing judge could be made without any hearing on the appeal. A stipulation was to have been filed but we can find no record of it. However, excellent briefs have been filed relating to the respective legal positions of the parties.

Decedent's will executed on August 4, 1969, reads in pertinent part:

"Article 2. Residue. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my wife, Virginia Riley, if she survives me by 30 days.

"Article 3. Alternate Gift of Residue. If my wife does not survive me by 30 days, all the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to my trustee hereinafter named, in trust, to hold, invest and reinvest the same, collect the income, and after paying all expenses incident to the management of the trust, to use and apply as much of the net income and principal as may be necessary in the sole discretion of my trustee for the support, well-being and education of my son, John Kevin Riley, as he arrives at the age of 21, to pay and distribute the principal and any accu-

mulation of income, less such amounts as may have been expended for his benefit, as follows:

"a. Fifty percent to my son, John Kevin Riley, or his issue per stirpes.

"b. Twenty-five percent to my stepdaughter, Margaret Mary Smith, or her issue per stirpes.

"c. Twenty-five percent to my stepdaughter, Patricia Jean Smith, or her issue per stirpes.

"If my son, John Kevin Riley, should die without leaving issue before attaining the age of 21 years, I give his share of the principal and income in equal shares to my stepdaughters named above free and clear of this trust."

Decedent and Virginia were divorced on April 24, 1972. All parties agree that the bequest in favor of Virginia became ineffective for all purposes by operation of law under 20 Pa.C.S. §2507(2) which states:

"Wills shall be modified upon the occurrence of any of the following circumstances, among others:

•  •  •

"(2) Divorce. If the testator is divorced from the bonds of matrimony after making a will, all provisions in the will in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes." Act of June 30, 1972, P.L. 508, 20 Pa.C.S. §2507.

The legal question before us is whether the failure of the gift to the divorced spouse renders the will null and void resulting in an intestacy or whether the failure of the gift merely negates the provision of the will in favor of the divorced spouse and creates a gift over to the alternate named beneficiaries. The administrator, in the petition for adjudication, and Kevin, as intestate heir, take the former position and Patricia and Margaret, as objectors, take the latter position.

We believe our decision is controlled by In re Estate of Corso, 494 Pa. 269, 431 A.2d 253 (1981). The ultimate issue in that case was whether a pay-tax clause in a will which would have benefited decedent's first wife, whom he had subsequently divorced, should also inure to second wife's benefit when second wife elected to take against the will. However, for our purposes, we need never reach beyond the Pennsylvania Supreme Court's determination of the underlying question as to the status of the will itself: The divorced wife's gift failed, the second wife was permitted to elect to take against the will and the rest of decedent's estate passed to the residuary beneficiary, his daughter. In Corso, the court did not even consider the possibility that the will had become null and void, thus creating an intestacy, but rather went on, after determining that the balance of the estate would pass to the residuary beneficiary, to discuss exactly how the will would be modified by removal of all provisions relating to the divorced spouse. We believe that the court was by implication following the mandate of the statute which says: "Wills shall be modified upon the occurrence of any of the following circumstances . . ." including divorce.

In their briefs counsel have cited cases from other jurisdictions which address the issue before us. However, we are not bound by the law of other jurisdictions. Nor are we bound by the decisions reached by the lower courts of Pennsylvania once the Supreme Court of Pennsylvania has spoken on a given issue. In Reichelderfer Estate, 28 Fiduc. Rep. 337 (1978), the pertinent clause of the will read:

"Second: All the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, I give, devise and bequeath unto my wife. In the event she should predecease me or die in a common

disaster or fail to survive me by 30 days, all the rest, residue and remainder of my estate, I give, devise and bequeath equally unto my children by a first marriage, my wife's children by a first marriage, and our mutual children or to the survivors of them, absolutely and in fee." Judge Taxis construed this clause as a condition and he held that the failure of the condition in the will resulted in an intestacy. However, in 1978 Judge Taxis based his decision on the law of two other jurisdictions, New York and Washington, and he did not have the benefit of a Pennsylvania Supreme Court decision on this issue.

In Domanyi Estate, 30 Fiduc. Rep. 133 (1979), Judge Coffroth held that the divorced wife could not act as executrix but affirmed the decree of the register issuing letters of administration to a trust company.

We believe that the result we have reached not only conforms to the statutory and case law of Pennsylvania but also effectuates decedent's intent. Decedent's intent is primary and can be denied only where that intent is unconstitutional, unlawful or against public policy. In re Estate of Janney, 498 Pa. 398, 446 A.2d 1265 (1982). In determining decedent's intent, we must examine such things as the language of the will, the scheme of distribution, the circumstances surrounding the execution of the will and other relevant facts. Estate of Schwenk, 326 Pa. Super. 253, 473 A.2d 1078 (1984).

The language and distribution scheme of this will are clear. Virginia Riley was residuary beneficiary. If she did not survive decedent by 30 days — or, as we are modifying the will to state, if she could not take by operation of law — then the residue was to go to Kevin in trust until he reach 21 and then to Kevin and decedent's stepdaughters. Decedent did not give Kevin the entire residuary estate outright at

any point in time, rather, he chose to keep those funds in trust until Kevin was 21 and then Kevin was to share the residue with Patricia and Margaret. We might add, had no divorce occurred and had Virginia survived decedent by the required 30 days, then Kevin would not have been entitled to any of the residuary estate at any time.

We recognize the fact that Patricia and Margaret are not legally related to decedent (they are the daughters of a prior marriage of Virginia's) while Kevin is legally related to decedent (he is the adopted son of Virginia and decedent). However, we are not in a position to rewrite decedent's will. Mr. Riley drafted his will to ultimately benefit Kevin, Patricia and Margaret. By our decision we are carrying out that intent.

Following the decision of the Pennsylvania Supreme Court in Corso and the mandate of 20 Pa.C.S. §2507(2), decedent's will must be modified to excise the residuary gift to Virginia Riley and the residue of the estate must pass as decedent intended — in trust to Kevin until he reaches the age of 21, and then to be divided, one-half to John Kevin Riley and one-fourth to Patricia Jean Smith Gampa and one-fourth to Margaret Mary Bennett Steele.

No other questions for adjudication were stated in the petition for adjudication, nor were any apparent to the court from the record.

Subject to distributions in fact heretofore properly made the net ascertained balances for distribution are hereby awarded in accordance with the provisions of decedent's will contained in Article 3. This will dated August 4, 1969 is incorporated herein by reference.

A schedule of distribution in conformity to the within adjudication and to implement the foregoing awards shall be filed by accountant in due course.

The account is hereby confirmed, and it is ordered and decreed that Charles H. Riley, administrator as aforesaid, shall make and pay the distributions herein awarded forthwith upon the absolute confirmation of the schedule of distribution herein directed to be filed.

## ORDER

And now, this December 11, 1984, at 12:45 p.m., the within adjudication is directed to be filed and is hereby confirmed nisi.